**FILED: NEW YORK COUNTY CLERK 05/02/2023 02.42 PM**
NYSCEF DOC. NO. 1

INDEX NO. 153997/2023
RECEIVED NYSCEF: 05/02/2023
2023 - 050943

---

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X

JOSE RODRIGUEZ,

<em>Plaintiff,</em>

-against-

THE CITY OF NEW YORK, ~~ADMINISTRATORS OF THE 18-B PANEL FOR THE CITY OF NEW YORK (NEW YORK COUNTY) JOHN/JANE DOE #1-5; NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE,~~ ADA CHRISTOPHER P. MARINELLI, ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS, AGENTS, SERVANTS and/or EMPLOYEES JOHN/JANE DOES #12-15 (the names "John/Jane Doe" being fictitious as the true names are presently unknown), individually and in their official capacity as New York City administrators, ADAs or employees, agents or servants),

<em>Defendants</em>

-------------------------------------------------------------------------X

Index No _____

Date Purchased _____

**SUMMONS**

Plaintiff designates New York County as the place of trial

The basis of venue is Place of Occurrence

**To the above-named Defendant(s).**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated      New York, New York
             May 2, 2023

                                      _Ellie Si_

                                Ellie A. Silverman, Esq
                                ***Special Counsel to.***
                                **SHULMAN & HILL, PLLC.**
                                *Attorneys for Plaintiff*
                                **JOSE RODRIGUEZ**
                                One State Street Plaza, 15th Floor
                                New York, New York 10004
                                212-221-1000

1

FILED: NEW YORK COUNTY CLERK 05/02/2023 02:42 PM

NYSCEF DOC NO 1

INDEX NO  153997/2023

RECEIVED NYSCEF  05/02/2023

TO

**1**  **THE CITY OF NEW YORK**, 100 Church Street, New York, New York 10007,
**2**  **NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE**, 1 Hogan Place, New York, NY 10013
**3**  **ADA CHRISTOPHER P, MARINELLI,** 1 Hogan Place, New York, NY 10013

2

FILED: NEW YORK COUNTY CLERK 05/02/2023 02:42 PM
NYSCEF DOC. NO. 1

INDEX NO. 153997/2023
RECEIVED NYSCEF: 05/02/2023

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

JOSE RODRIGUEZ,

*Plaintiff,*

-against-

THE CITY OF NEW YORK, ADMINISTRATORS OF THE 18-B
PANEL FOR THE CITY OF NEW YORK (NEW YORK
COUNTY) JOHN/JANE DOE #1-5, NEW YORK COUNTY
DISTRICT ATTORNEY'S OFFICE, ADA CHRISTOPHER P,
MARINELLI, ADA JOHN/JANE DOES #6-11, NEW YORK
CITY OFFICERS, AGENTS, SERVANTS and/or EMPLOYEES
JOHN/JANE DOES #12-15 (the names "John/Jane Doe" being
fictitious as the true names are presently unknown), individually
and in their official capacity as New York City administrators,
ADAs or employees, agents or servants),

*Defendants*

-------------------------------------------------------------------X

Index No _____

Date
Purchased _____

**VERIFIED
COMPLAINT**

Plaintiff **JOSE RODRIGUEZ** by his attorneys **SHULMAN & HILL, PLLC** and **Ellie Silverman, Esq.,** complaining of Defendants **THE CITY OF NEW YORK, ADMINISTRATORS OF THE 18-B PANEL FOR THE CITY OF NEW YORK (NEW YORK COUNTY) JOHN/JANE DOE #1-5, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS, AGENTS, SERVANTS and/or EMPLOYEES JOHN/JANE DOES #12-15** (the names "John/Jane Doe" being fictitious as the true names are presently unknown), individually and in their official capacity as New York City administrators, ADAs or employees, agents or servants),respectfully alleges, upon information and belief

## PRELIMINARY STATEMENT

This is a civil rights action based on the Defendants' civil rights action based on the Defendants' violations of the rights afforded to Plaintiff **JOSE RODRIGUEZ** grounded in New York State Law and 42 USC § 1983  Plaintiff seeks compensatory damages, punitive damages, an award of costs and attorney's fees, and such other and further relief as the Court deems just

3

FILED: NEW YORK COUNTY CLERK 05/02/2023 02:42 PM
NYSCEF DOC NO 1

INDEX NO 153997/2023
RECEIVED NYSCEF 05/02/2023

and proper The claim arises when Mr Rodriguez was unjustly delayed in being afforded the right to an appeal, causing Mr Rodriguez to be denied due process and equal protection in addition to other violations of Mr Rodriguez's federal and state constitutional rights

As a result of these violations, and in addition to other damages, Mr Rodriguez was subjected to an excessive and unreasonable custodial detention and all association therewith

Defendants violated Plaintiff's rights pursuant to New York State Human Rights Law, New York City Human Rights Code, Civil Rights afforded to him under the United States and New York State Constitution New York City and its employees pursuant to New York State Law, the New York State Constitution, and the US Constitution under color of state law, acted negligently, intentionally, and willfully subjected plaintiff to a life altering experience

Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper The aforesaid deprivations, breaches, torts and violations are continuous in nature

## PARTIES

1    Plaintiff **JOSE RODRIGUEZ** was, and still is, an individual residing at 293 Genesee Street, Utica, County of Oneida and State of New York

2    Defendant **THE CITY OF NEW YORK** was, and still is, at all times relevant herein, a municipal corporation duly incorporated and existing under and by virtue of the laws of the State of New York

3    Defendant **THE CITY OF NEW YORK** was, and still is, at all times relevant herein, a municipal entity created and authorized under the laws of the State of New York It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible Defendant **THE CITY OF NEW YORK** assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk

4

FILED: NEW YORK COUNTY CLERK 05/02/2023 02:42 PM

NYSCEF DOC. NO. 1

INDEX NO. 153997/2023

RECEIVED NYSCEF: 05/02/2023

attaches to the public consumers of the services provided by NEW YORK CITY POLICE DEPARTMENT

4    Defendants **THE CITY OF NEW YORK, ADMINISTRATORS OF THE 18-B PANEL FOR THE CITY OF NEW YORK (NEW YORK COUNTY) JOHN/JANE DOE #1-5, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS, AGENTS, SERVANTS and/or EMPLOYEES JOHN/JANE DOES #12-15** were, and still are, at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the Defendant **THE CITY OF NEW YORK**

5    Defendants **THE CITY OF NEW YORK, ADMINISTRATORS OF THE 18-B PANEL FOR THE CITY OF NEW YORK (NEW YORK COUNTY) JOHN/JANE DOE #1-5, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS, AGENTS, SERVANTS and/or EMPLOYEES JOHN/JANE DOES #12-15** were, and still are, at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as an officers, agents, servants, and employees of Defendant **THE CITY OF NEW YORK** were acting for, and on behalf of, and with the power and authority vested in them by Defendant **THE CITY OF NEW YORK** and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties

6    On May 3, 2022, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and the place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on Plaintiff's behalf on the Comptroller of Defendant **THE CITY OF NEW YORK** and that, thereafter, said Comptroller for Defendant **THE CITY OF NEW YORK** refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that, thereafter, and within the time provided by law, this action was commenced

5

FILED: NEW YORK COUNTY CLERK 05/02/2023 02:42 PM
NYSCEF DOC NO 1

INDEX NO 153997/2023
RECEIVED NYSCEF 05/02/2023

7    Defendants **ADMINISTRATORS OF THE 18-B PANEL FOR THE CITY OF NEW YORK (NEW YORK COUNTY) JOHN/JANE DOE #1-5, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS, AGENTS, SERVANTS and/or EMPLOYEES JOHN/JANE DOES #12-15** are sued in their official and individual capacities

## JURISDICTION & VENUE

8    Plaintiff **JOSE RODRIGUEZ** repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein

9    Within 90 days of the incidents alleged in this complaint, Plaintiff served upon Defendant City of New York a Notice of Claim setting forth the name and post office address of plaintiff, the nature of the claim, the time when, the place where and the manner in which the claim arose and the items of damages or injuries claimed

10   By filing a timely Notice of Claim with the City of New York, Plaintiff has preserved all State claims and The City of New York is responsible based on the theory of *respondeat superior*

11   More than 30 days have elapsed since plaintiff's demands and/or claims were presented to defendant City of New York for adjustment and/or payment thereof, and the defendant has neglected and/or refused to make any adjustment and/or payment

12   Venue is proper in the Supreme Court of the State New York, New York County, because the acts in question occurred in the State of New York, New York County, and the City of New York is subject to personal jurisdiction in Supreme Court of the State New York, New York County

13   This Court has jurisdiction over Defendants pursuant to CPLR § 301 and/or 302

14   This action is seeking redress for the violation of Plaintiff's constitutional and civil rights and is also brought pursuant to 42 U S C §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution

6

FILED: NEW YORK COUNTY CLERK 05/02/2023 02:42 PM    INDEX NO. 153997/2023

NYSCEF DOC. NO. 1    RECEIVED NYSCEF  05/02/2023

15    This Court has jurisdiction over Plaintiff's claims under 42 USC § 1983 pursuant to 28 USC § 1331 and § 1342(3)

16    This Court has jurisdiction over all of Plaintiff's claims and causes of action because they derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to his state claims and causes of action

## STATEMENT OF FACTS

17    Plaintiff **JOSE RODRIGUEZ** repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein

18    Plaintiff **JOSE RODRIGUEZ** was denied his constitutional right to a meaningful (and a speedy) appeal

19    The delay was extraordinary. The denial or serious obstruction of this right "is as much a failure of due process as would the denial of the right to a trial itself." People v. Rivera, 39 NY2d 519, 522 (1976)

20    These events initiated with the New York County wrongful conviction of Mr. Rodriguez on or about April 2, 1982, following a jury trial where Plaintiff **JOSE RODRIGUEZ** was wrongfully convicted of two counts of attempted murder and criminal possession of a weapon in the second degree. Mr. Rodriguez's Indictment # was 5427/81

21    Mr. Rodriguez had only been in the country approximately two (2) years at the time of his conviction after fleeing from Cuba's Castro regime, spoke almost no English and had no understanding of the criminal justice system

22    On or about April 21, 1982, Mr. Rodriguez was sentenced to twenty (20) years in prison

23    Upon information and belief, the sentencing minutes of Mr. Rodriguez indicate the need for psychiatric treatment, which was never properly afforded to him by the DOC or DOCCS despite the Court's urging

7

FILED: NEW YORK COUNTY CLERK 05/02/2023 02 42 PM
NYSCEF DOC NO 1

INDEX NO 153997/2023
RECEIVED NYSCEF 05/02/2023

24    The partial record demonstrates that Mr Rodriguez's trial counsel, despite only practicing for two years at the time he was appointed, fought for Mr Rodriguez, lodged proper objections, and moved to dismiss the case for insufficient evidence for the underlying charges

25    The Notice of Appeal was timely filed and Plaintiff was originally assigned to William E Hellerstein, Esq  However, Hellerstein moved to be relieved and that was granted on or about February 24, 1983 and Thomas P Burke was assigned as Plaintiff's new appellate counsel and Plaintiff's time to perfect was extended by 120 days

26    The Defendants, New York County District Attorney's Office (Appeals Bureau), accurately reflected Burke's appointment on Plaintiff's "FILE CARD", but then it inaccurately states that Plaintiff's appeal was affirmed on May 17, 1983 under appeal number 16790  The reason why this is inaccurate is because the Defendants were listing the affirmance of a different "Jose Rodriguez" on Plaintiff's "FILE CARD"

27    It should be noted that this different "Jose Rodriguez" was convicted of a different charge, at a trial with a different Judge presiding, assigned a totally different appellate counsel and would never be reasonably connected to Plaintiff, Jose Rodriguez and no reasonable person would support the conclusion that Plaintiff Jose Rodriguez was similar in any way to the different "Jose Rodriguez", other than the name (which is a very common name)

28    Defendants came forward with no records and no arguments to demonstrate that Burke ever took any steps to proceed with the appeal

29    Mr Rodriguez had been previously told by his trial lawyer, that he would be informed if his appeal was successful  He never heard from Mr Burke and for years, just assumed that his appeal had failed

30    Unbeknown to Plaintiff, Burke was pulled off of the majority or almost all of his assigned cases for his failure to properly represent his assigned clients

31    Subsequently, in or around the year 2004, the assigned appellate counsel, Thomas P Burke, was formally suspended from the 18-B panel for delinquency in perfecting appeals

8

FILED: NEW YORK COUNTY CLERK 05/02/2023 02:42 PM

NYSCEF DOC NO 1

INDEX NO 153997/2023

RECEIVED NYSCEF 05/02/2023

32    In 2006, the Disciplinary committee was investigating Burke due to an ethics complaint lodged against him   In 2008, Burke was then suspended from the practice of law for neglecting his duties and ultimately disbarred in 2009

33    Burke has since passed away

34    Defendants were aware of Burke's misgivings and withheld this information from Plaintiff, the Court and many other parties who at various times during these 40 years, could have righted this wrong (i e  the parole board)

35    During the passage of almost 40 years, Mr Rodriguez was never given the opportunity to submit an appeal because the assigned appellate counsel never perfected it

36    It was not until the year 2014, when a fellow inmate attempted to locate his appeal and its resolution when Plaintiff **JOSE RODRIGUEZ** realized the problem and immediately filed a pro se *coram nobis* petition on or about April 16, 2014

37    The State chose to oppose this petition in 2014 and attached an affirmation of Defendants the ADA John Doe #6, which stated that his appeal had been perfected and referred to this "FILE CARD" as accurately reflecting Plaintiff Jose Rodriguez

38    On or about August 14, 2014, the Defendants admitted that its own records did not reflect the appeal ever being perfected but that the Court should refer to the Court's entry affirming the conviction of "Jose Rodriguez" even though that was not the Plaintiff

39    Even though the Defendants at this point knew something was wrong, they still asserted that Plaintiff allowed his appeal to languish and even though Defendants never moved to dismiss this alleged "appeal" that was filed, the laches doctrine time barred his claims

40    On August 25, 2014, Plaintiff replied by explaining that the prosecution was citing the wrong "Jose Rodriguez "

41    On or about November 13, 2014, the Court denied the Plaintiff's petition, reciting the incorrect procedural history relying on the Affirmation from the Defendants-District Attorney's Office

42    On or about November 26, 2014, Plaintiff sought leave to appeal the November 13, 2014 Order

9

FILED: NEW YORK COUNTY CLERK 05/02/2023 02:42 PM
NYSCEF DOC NO 1

INDEX NO 153997/2023
RECEIVED NYSCEF 05/02/2023

and the State opposed that application  On June 29, 2015, Plaintiff's leave to appeal was denied

43  The Defendants negligently and/or intentionally permitted the referencing to the wrong "Jose Rodriguez", to remain, did not make any attempt to correct the error and did nothing to request reconsideration after the error was revealed

44  There was an investigation conducted by the Attorney General's office in or around 2016/2017, which revealed that Mr Rodriguez's appeal was in fact, never perfected  The results of this investigation proved that Mr Rodriguez was a victim  As such, on or about February 16, 2017, the Court recalled and vacated its prior order denying the petition

45  Despite being privy to this information about the disgraced state-appointed attorney, the Defendants, specifically the DA's Office and ADAs, nevertheless, chose to cross-move to dismiss the appeal as untimely

46  Even more callous, there was a letter submitted by Defendants, specifically the DA's Office and ADAs, earlier (approximately 20 years into Mr Rodriguez's incarceration) urging DOCCS to deny him parole and to notify the DA's office  The letter set forth the procedural history of the case but maliciously omitted all the information about his appeal being unperfected  Defendants made the choice to continue the malicious prosecution and gross departures even 20 years later

47  It is true that the initial reason for the delay was due to the incompetence of the 18-b counsel, Burke, which must also be addressed  But, notably, the Defendants' own records (specifically the DA's Office and ADAs) reflect that they had notice, knew that the appeal was unperfected, maintained involved in Mr Rodriguez's incarceration even 20 years later when they fought to deny him parole

48  It is blatantly obvious that Defendants did not comply with their "duty of fair dealing to the accused and candor the courts," People v Pelchat, 62 NY2d 97, 105 (1984)

49  Defendants were aware of the serious concerns with the pattern of appellate division delays that had been brought by New York State prisoners  Mr Rodriguez's case was a product of those

10

FILED: NEW YORK COUNTY CLERK 05/02/2023 02:42 PM

NYSCEF DOC. NO. 1

INDEX NO. 153997/2023

RECEIVED NYSCEF: 05/02/2023

same crises as discussed in SDNY as early as 1990 (See, <u>Mathis v Hood</u>, 1990 WL 100869 (SDNY 1990)). It goes without saying that Mr Rodriguez was prejudiced by these extraordinary delays

50    Mr Rodriguez was constructively and actually deprived of his due process right to counsel and to effective assistance of counsel on appeal

51    Even during the most recent appeal, Defendants were obstructing the Plaintiff's ability to obtain portions of Plaintiff's file. ADA Marinelli on or about February 9, 2021, wrote to Plaintiff's appellate attorney refusing to provide any notes or any documents

52    It was not until November 9, 2021 where it was determined as a matter of law that Mr Rodriguez was "deprived of his right to a 'meaningful appeal' in light of the undisputedly extraordinary delay of nearly 40 years in perfecting his appeal." <u>People v Rodriguez</u>, 199 AD3d 469 (2021)

53    On or about February 2, 2022, the Defendants' (specifically the DA's Office and NY County ADA's) application for leave to appeal in the Court of Appeals was denied

54    Plaintiff **JOSE RODRIGUEZ** remained detained for nearly forty years of his life and further detained until November, 2022 for nearly ten (10) months after his conviction was overturned

55    This ten (10) month additional deprivation of liberty is attributable to Defendants' initial wrongdoings, but for these wrongdoings, Plaintiff would not have been in a situation to receive retaliatory infractions and punishments further depriving him of his liberty

56    Upon information and belief, during this time, Mr Rodriguez was subjected to multiple acts of violence by inmates, as well as subjected to extreme psychological and physical abuse by corrections officers

57    Upon information and belief, Plaintiff **JOSE RODRIGUEZ** was incarcerated in State prison where he spent the next four decades of his life fighting to live another day, suffering physically, mentally, psychologically, emotionally, and legally

11

FILED: NEW YORK COUNTY CLERK 05/02/2023 02:42 PM
NYSCEF DOC NO 1

INDEX NO 153997/2023
RECEIVED NYSCEF 05/02/2023

58    Upon information and belief, Plaintiff **JOSE RODRIGUEZ** during his incarceration was denied medication, experienced deliberate indifference to his medical needs, was retaliated against physically but also in the form of retaliatory infractions and was also one of the many victims of the officers' psychological warfare

59    There is no question that this 'ordeal has greatly affected him mentally, emotionally and psychologically  Additionally, and as a further result of this ordeal, which was instituted and maintained by Defendants, Plaintiff **JOSE RODRIGUEZ** has suffered substantial actual damages including and not limited to, legal fees and court costs, expenses of defending the prosecution, extreme emotional distress, aggravation, humiliation, loss of enjoyment of life, loss of reputation, sleeplessness, headaches, nightmares, further fear of arrest and other incidental and consequential damages, which were reasonably foreseeable by Defendants

## AS AND FOR A FIRST CAUSE OF ACTION
### VIOLATION OF RIGHT TO DUE PROCESS AND EQUAL PROTECTION UNDER THE UNITED STATES CONSTITUTION ACTIONABLE UNDER 42 U.S.C § 1983
### (Including Denial Of Constitutional Right To A Fair Trial)

60    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein

61    Defendants collectively and individually, while acting under the color of law, engaged in conduct, which constituted a violation of rights clearly established under the United States Constitution

62    Defendants violated Plaintiff/s constitutional rights in failing to protect him from the unjustified and unconstitutional treatment and while acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to and/or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiff's due process clause and constitutional rights as guaranteed under 42 U S C § 1983 and the United States Constitution, including its Fourth and Fourteenth

12

FILED: NEW YORK COUNTY CLERK 05/02/2023 02.42 PM
NYSCEF DOC NO 1

INDEX NO 153997/2023
RECEIVED NYSCEF 05/02/2023

Amendments

63    Defendants **THE CITY OF NEW YORK, ADMINISTRATORS OF THE 18-B PANEL FOR THE CITY OF NEW YORK (NEW YORK COUNTY) JOHN/JANE DOE #1-5, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS, AGENTS, SERVANTS and/or EMPLOYEES JOHN/JANE DOES #12-15** deprived Plaintiff **JOSE RODRIGUEZ** of his right to a meaningful appeal

64    The Notice of Appeal was timely filed but, it was not until November 9, 2021 where it was determined as a matter of law that Mr Rodriguez was "deprived of his right to a 'meaningful appeal' in light of the undisputedly extraordinary delay of nearly 40 years in perfecting his appeal." People v Rodriguez, 199 AD3d 469

65    Despite the passage of nearly forty 40 years, Mr Rodriguez was still awaiting the opportunity for a meaningful appeal  Although he promptly noticed an appeal, his assigned appellate counsel never perfected it  Defendants **THE CITY OF NEW YORK, ADMINISTRATORS OF THE 18-B PANEL FOR THE CITY OF NEW YORK (NEW YORK COUNTY) JOHN/JANE DOE #1-5, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS, AGENTS, SERVANTS and/or EMPLOYEES JOHN/JANE DOES #12-15** has therefore never reviewed the convictions in this attempted murder case

66    The staggering delay in this case—due primarily to the astonishing incompetence of a Defendants **THE CITY OF NEW YORK, ADMINISTRATORS OF THE 18-B PANEL FOR THE CITY OF NEW YORK (NEW YORK COUNTY) JOHN/JANE DOE #1-5, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS, AGENTS, SERVANTS and/or EMPLOYEES JOHN/JANE DOES #12-15** deprived Mr Rodriguez of his constitutional rights to due process and equal protection

13

FILED: NEW YORK COUNTY CLERK 05/02/2023 02:42 PM

NYSCEF DOC. NO. 1

INDEX NO. 153997/2023

RECEIVED NYSCEF: 05/02/2023

67   Defendants **THE CITY OF NEW YORK, ADMINISTRATORS OF THE 18-B PANEL FOR THE CITY OF NEW YORK (NEW YORK COUNTY) JOHN/JANE DOE #1-5, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS, AGENTS, SERVANTS and/or EMPLOYEES JOHN/JANE DOES #12-15** denied Plaintiff **JOSE RODRIGUEZ** of his right to a speedy appeal

68   The excessive delays in this post-conviction proceeding have violated Plaintiff's right to due process   The "denial or serious obstruction" of that right is "as much a failure of due process as would the denial of the right to a trial itself." People v. Rivera, 39 N.Y.2d 519, 522 (1976)

69   Plaintiff **JOSE RODRIGUEZ** was denied of his due process right to counsel on appeal

70   Plaintiff's rights under the 6th Amendment to the Constitution were violated in this case

71   Defendants **THE CITY OF NEW YORK, ADMINISTRATORS OF THE 18-B PANEL FOR THE CITY OF NEW YORK (NEW YORK COUNTY) JOHN/JANE DOE #1-5, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS, AGENTS, SERVANTS and/or EMPLOYEES JOHN/JANE DOES #12-15** exhibited substantial prejudice to Plaintiff's right to an appellate process

72   Plaintiff **JOSE RODRIGUEZ** was deprived of his right for effective assistance of counsel

73   Though the length of time in Mr. Rodriguez's delay is shocking, this deprivation of a right to a speedy appeal is all too familiar   In New York's First and Second Departments, delays are commonly so serious that prisoners frequently serve their sentences before their appeals are even heard   The Committee on Criminal Advocacy of the Bar of the City of New York found that the pattern of delay is even more appalling when there is a high percentage of defendants convicted at trial who have either gained a reversal or other sentence modification on appeal   (For example, in 1984, 23% of the defendants convicted had a reversal or sentence modification on appeal)

14

FILED: NEW YORK COUNTY CLERK 05/02/2023 02:42 PM   INDEX NO 153997/2023
NYSCEF DOC NO 1                                          RECEIVED NYSCEF 05/02/2023

74    At all relevant times herein, all Defendants, established and/or followed policies, procedures, customs, and or practices, and those policies were the cause, pursuant to 42 U S C § 1983, as well as the case of Monell v New York City Dep't of Social Services, 436 U S 658 (1978), of the violation of Plaintiff's civil rights granted under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution All of the aforementioned acts of the Defendants, their agents, servants and employees, were carried out under the color of state law

75    Additionally, Defendants established and followed a custom and policy of concealing its failures and due process requires the disclosure of these failures outlined above, which were in Defendants' control

76    Defendants' custom and policy of concealing is in violation of New York State law and violated Plaintiff's due process right under the Due Process Clause of the Fourteenth Amendment to the U S Constitution

77    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical, psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured

## AS AND FOR A SECOND CAUSE OF ACTION
### DEPRIVATION OF LIBERTY UNDER THE
### UNITED STATES CONSTITUTION ACTIONABLE UNDER 42 U S C § 1983

78    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein

79    By their conduct and actions in failing to protect Plaintiff from the unjustified and unconstitutional treatment he received at the hands of Defendants acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to and/or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiff's liberty and constitutional rights as guaranteed under 42 U S C § 1983 and the United States Constitution, including its Fourth and

15

FILED: NEW YORK COUNTY CLERK 05/02/2023 02:42 PM

NYSCEF DOC. NO. 1

INDEX NO. 153997/2023

RECEIVED NYSCEF: 05/02/2023

Fourteenth Amendments

80      Defendants **THE CITY OF NEW YORK, ADMINISTRATORS OF THE 18-B PANEL FOR THE CITY OF NEW YORK (NEW YORK COUNTY) JOHN/JANE DOE #1-5, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS, AGENTS, SERVANTS and/or EMPLOYEES JOHN/JANE DOES #12-15** deprived Plaintiff **JOSE RODRIGUEZ** of his liberty

81      The Notice of Appeal was timely filed but, it was not until November 9, 2021 where it was determined as a matter of law that Mr. Rodriguez was "deprived of his right to a 'meaningful appeal' in light of the undisputedly extraordinary delay of nearly 40 years in perfecting his appeal." People v. Rodriguez, 199 AD3d 469

82      During this time, Mr. Rodriguez was subjected to multiple acts of violence by inmates, as well as subjected to extreme psychological and physical abuse by agents, employees, representatives and/or servants of Defendants

83      Moreover, even after the conviction was overturned, Mr. Rodriguez continued to be incarcerated for more than ten (10) months, due to retaliatory infractions and punishments incurred while in prison which caused him to have to continue to fight for his liberty even after his conviction was overturned

84      Defendants subjected Plaintiff to internal charges on the basis of false evidence. Plaintiff was improperly charged and held and continued detention past the date he should have been otherwise released

85      Defendants individually and collectively are liable for abuses against Plaintiff that shock the conscience in violation of Article 1, § 5 of the New York State Constitution

86      As a direct and proximate result of defendants' deprivations of Plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, Plaintiff suffered physical, economic and emotional injuries, as well as a deprivation of liberty

87      As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and

16

FILED: NEW YORK COUNTY CLERK 05/02/2023 02:42 PM
NYSCEF DOC NO 1

INDEX NO 153997/2023
RECEIVED NYSCEF 05/02/2023

emotional injuries, as well as a deprivation of liberty

88    As a result of the above unconstitutional conduct, the City of New York is liable, under the doctrine of *respondeat superior*, for the conduct of the Individual Defendants, and for any damages the Individual Defendants caused by and through their conduct

89    Defendants' aforesaid conduct breached the protections guaranteed to plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 5, 6, 8, 9, 11, and 12, and including the following rights

    i   freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which wrongful detention plaintiff was aware and did not consent, and

    ii  freedom from deprivation of liberty without due process of law

90    Defendants' customs, policy, and procedures subjected Plaintiff to violations of his rights to be free from deprivation of liberty without due process of law

91    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical, psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured

**<ins>AS AND FOR A THIRD CAUSE OF ACTION</ins>**
**DERELICTION OF DUTY DELIBERATE INDIFFERENCE**
**and FAILURE TO INTERVENE BY DEFENDANTS THE CITY OF NEW YORK,**
**ADMINISTRATORS OF THE 18-B PANEL FOR THE CITY OF NEW YORK (NEW**
**YORK COUNTY) JOHN/JANE DOE #1-5, NEW YORK COUNTY DISTRICT**
**ATTORNEY'S OFFICE, ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS,**
**AGENTS, SERVANTS and/or EMPLOYEES JOHN/JANE DOES #12-15**

92    Plaintiffs repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein

93    Defendants **THE CITY OF NEW YORK, ADMINISTRATORS OF THE 18-B PANEL FOR THE CITY OF NEW YORK (NEW YORK COUNTY) JOHN/JANE DOE #1-5, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS, AGENTS, SERVANTS and/or EMPLOYEES**

17

FILED: NEW YORK COUNTY CLERK 05/02/2023 02.42 PM
NYSCEF DOC NO 1

INDEX NO 153997/2023
RECEIVED NYSCEF 05/02/2023

**JOHN/JANE DOES #12-15** were under a duty of safeguarding the public and ensuring the appropriate execution of Defendant's role

94   Plaintiff duly relied on Defendants' fulfillment of their duties

95   Defendants had an affirmative duty to intercede when Plaintiff's constitutional rights were being violated in Defendants' presence Plaintiff duly relied on Defendants' fulfillment of their duties

96   At various points in time outlined above, Defendants were observing and aware of the wrongful acts against Plaintiff and had an affirmative duty to intervene when Plaintiff's constitutional rights were being violated in their presence

97   At various points in time outlined above, Defendants neglected or otherwise failed to intervene on Plaintiff's behalf in dereliction of their duty to Plaintiff and in depraved and deliberate indifference to Plaintiff's well-being and in further violation of Plaintiff's constitutional rights

98   Defendants had an affirmative duty to intervene when Plaintiff's constitutional rights were being violated in Defendants' presence by knowingly falsifying evidence, observing others lie in sworn affirmations, observing others making material misstatements of facts and/or omitting necessary facts, preventing important information from motion practice, briefing and the parole board hearings, continuing to fight against the release of Plaintiff or the Plaintiff's right to appeal despite learning that he had a right to appeal and/or release, failing to prevent Plaintiff from being assaulted, battered, beaten and otherwise attacked, permitting retaliatory infractions and otherwise violating Plaintiff's constitutional rights in Defendants' presence

99   Those defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene

100   At the time of the incidents, Defendants **THE CITY OF NEW YORK, ADMINISTRATORS OF THE 18-B PANEL FOR THE CITY OF NEW YORK (NEW YORK COUNTY) JOHN/JANE DOE #1-5, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS, AGENTS, SERVANTS**

18

FILED: NEW YORK COUNTY CLERK 05/02/2023 02:42 PM    INDEX NO 153997/2023

NYSCEF DOC. NO 1    RECEIVED NYSCEF 05/02/2023

**and/or EMPLOYEES JOHN/JANE DOES #12-15** were observing and aware of the wrongful acts against Plaintiff

101   At the time of the incident, Defendants **THE CITY OF NEW YORK, ADMINISTRATORS OF THE 18-B PANEL FOR THE CITY OF NEW YORK (NEW YORK COUNTY) JOHN/JANE DOE #1-5, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS, AGENTS, SERVANTS and/or EMPLOYEES JOHN/JANE DOES #12-15** neglected to intervene on Plaintiff's behalf in dereliction of their duty to Plaintiff and in deliberate indifference to Plaintiff's well-being

102   Defendants **THE CITY OF NEW YORK, ADMINISTRATORS OF THE 18-B PANEL FOR THE CITY OF NEW YORK (NEW YORK COUNTY) JOHN/JANE DOE #1-5, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS, AGENTS, SERVANTS and/or EMPLOYEES JOHN/JANE DOES #12-15** violated Plaintiff's constitutional rights when they failed to intercede and prevent the violation or further violation of Plaintiff's constitutional rights and the injuries or further injuries caused as a result of said failure

103   Defendants **THE CITY OF NEW YORK, ADMINISTRATORS OF THE 18-B PANEL FOR THE CITY OF NEW YORK (NEW YORK COUNTY) JOHN/JANE DOE #1-5, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS, AGENTS, SERVANTS and/or EMPLOYEES JOHN/JANE DOES #12-15** had an affirmative duty to intercede when Plaintiff's constitutional rights were being violated in Defendants' presence by assault, abuse and punishments

104   As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured

### AS AND FOR A FOURTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL
### HARM AND/OR DISTRESS

19

FILED: NEW YORK COUNTY CLERK 05/02/2023 02:42 PM

NYSCEF DOC. NO. 1

INDEX NO. 153997/2023

RECEIVED NYSCEF: 05/02/2023

105    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein

106    Courts have held that continuous and coercive harassment *can* establish an IIED cause of action  Alexander v Unification Church of America, 634 F 2d 673, 678–679 (2d Cir 1980) (filing of harassing lawsuits, constant surveillance, patrolling of plaintiffs' homes), Green v Fischbein Olivieri Rozenholc & Badillo, 119 A D 2d 345, 507 N Y S 2d 148 (1st Dep't 1986)(baseless eviction proceedings against plaintiff-tenant by landlord, disruption in services, deterioration of living conditions, interference with mails, verbal abuse of plaintiff and his guests) *But see, Gay v Carlson,* 60 F 3d 83, 89 (2d Cir 1995) (finding plaintiff had not established an IIED claim where "[a]ll that plaintiff alleges that any of the defendants has done is lodge official complaints about plaintiff's conduct or discuss the basis of those complaints with others ")

107    A timely Notice of Claim was filed with the City of New York

108    Because many of these "last actionable acts" occurred within the statute of limitations period, the action is not time-barred  Cf Leonhard v United States, 633 F 2d at 613 (holding that under general principles of New York law, the statute of limitations " 'runs from the commission of the last wrongful act ' ")(citations omitted)

109    The emotional harm and/or distress continue to present day  Hon Denise L Cote reached a similar conclusion on this issue  Bonner v Guccione, 94 Civ 7735, slip op at 7–15, 1996 WL 22355 (S D N Y January 17, 1996)(holding where last act of an uninterrupted course of actionable conduct falls within statute of limitations, plaintiff permitted to assert IIED claim for entire course of conduct, even those acts beyond the statute of limitations) Cf Leonhard v United States, 633 F 2d at 613 (holding that under New York law where certain continuous wrongs are alleged, the last wrongful act triggers the statute of limitations)

110    Under the color of state law, Defendants **THE CITY OF NEW YORK, ADMINISTRATORS OF THE 18-B PANEL FOR THE CITY OF NEW YORK (NEW YORK COUNTY)**

20

FILED: NEW YORK COUNTY CLERK 05/02/2023 02.42 PM
NYSCEF DOC NO 1

INDEX NO 153997/2023
RECEIVED NYSCEF 05/02/2023

**JOHN/JANE DOE #1-5, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS, AGENTS, SERVANTS and/or EMPLOYEES JOHN/JANE DOES #12-15** intentionally caused continuous emotional distress and damage to Plaintiff  The acts and conduct of Defendants were the direct and proximate cause of continuous emotional distress emotional injury to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York

111  Upon information and belief, Defendants committed multiple acts against Plaintiff, which invaded his interests and inflicted injuries upon his throughout all stages of investigation, the continuous detention and the hearings, and trials, which cumulatively amounted to intentional infliction of emotional harm and/or distress

112  Defendants used excessive force against Plaintiff and further compounded their wrongdoings by brutalizing him, falsely arresting him, continuing the deprivation of liberty and fighting to prevent him from his right to appeal

113  As a result of the multiple acts, including but not limited to the acts briefly outlined, Plaintiff has suffered tremendously, experienced anxiety attacks, required regular therapy and has been emotionally distressed up to the present day

114  Said police retaliation and false claims as outlined in the facts and below causes of action comprising this complaint has further contributed to Plaintiff's emotional harm and distress

115  The conduct transcended the bounds of human decency  The conduct amounted to more than the emotional harm that is encompassed within the other claims

116  **THE CITY OF NEW YORK** is responsible based on the theory of *respondeat superior*

117  As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured

## AS AND FOR A FIFTH CAUSE OF ACTION

21

FILED: NEW YORK COUNTY CLERK 05/02/2023 02 42 PM
NYSCEF DOC NO 1

INDEX NO 153997/2023
RECEIVED NYSCEF 05/02/2023

## NEGLIGENCE

118    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein

119    Upon information and belief, a Notice of Claim was timely filed against the City

120    **THE CITY OF NEW YORK** is responsible based on the theory of *respondeat superior*

121    Defendants **THE CITY OF NEW YORK, ADMINISTRATORS OF THE 18-B PANEL FOR THE CITY OF NEW YORK (NEW YORK COUNTY) JOHN/JANE DOE #1-5, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS, AGENTS, SERVANTS and/or EMPLOYEES JOHN/JANE DOES #12-15** negligently caused injuries and otherwise damaged Plaintiff The acts and conduct of Defendant were the direct and proximate cause of injury to Plaintiff and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York

122    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured

### AS AND FOR A SIXTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION and TRAINING

123    Plaintiffs repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein

124    Defendant **THE CITY OF NEW YORK** negligently hired, screened, retained, supervised and trained Defendants **THE CITY OF NEW YORK, ADMINISTRATORS OF THE 18-B PANEL FOR THE CITY OF NEW YORK (NEW YORK COUNTY) JOHN/JANE DOE #1-5, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS, AGENTS, SERVANTS and/or EMPLOYEES JOHN/JANE DOES #12-15** and its employees

22

FILED: NEW YORK COUNTY CLERK 05/02/2023 02:42 PM    INDEX NO 153997/2023

NYSCEF DOC NO 1    RECEIVED NYSCEF 05/02/2023

.125    A timely Notice of Claim was filed by Plaintiff

126    The municipality's failure to properly train, hire, retain and/or supervise its police officers, correction officers, Assistant District Attorneys and employed agents, servants and employees, which "evidences a deliberate indifference to the rights of its inhabitants " See, Henry-Leev CityofNewYork, 746 F Supp 2d 546,566 (SDNY2010)

127    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured

## AS AND FOR A SEVENTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL HARM

128    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein

129    Defendants **THE CITY OF NEW YORK, ADMINISTRATORS OF THE 18-B PANEL FOR THE CITY OF NEW YORK (NEW YORK COUNTY) JOHN/JANE DOE #1-5, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS, AGENTS, SERVANTS and/or EMPLOYEES JOHN/JANE DOES #12-15** negligently caused emotional distress and damage to Plaintiff The acts and conduct of Defendants were the direct and proximate cause of emotional injury to Plaintiffs and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York

130    Defendants negligently caused emotional distress and damage to Plaintiff The acts and conduct of Defendants were the direct and proximate cause of emotional injury to Plaintiff and violated his statutory and common law rights as guaranteed by the laws in the US Constitution and the State of New York

23

FILED: NEW YORK COUNTY CLERK 05/02/2023 02:42 PM
NYSCEF DOC NO 1

INDEX NO 153997/2023
RECEIVED NYSCEF 05/02/2023

131    As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured

### AS AND FOR A EIGHTH CAUSE OF ACTION
### MALICIOUS ABUSE OF PROCESS

132    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein

133    The defendants issued criminal legal process against Plaintiff based on an improper or malicious motive

134    The defendants acted with improper purpose in arresting and continuing to prosecute Mr Rodriguez in order to conceal their own misconduct, and in connection with his false arrest and malicious prosecution, in order to escape disciplinary charges and potential loss of employment Courts have found that a desire to protect one's employment can constitute a collateral purpose *See, e g*, Hoyos, 999 F Supp 2d at 391, Douglas, 595 F Supp 2d at 344 (S D N Y 2009) ("Fabricating assault charges to save one's job could be abuse of process, however, because 'safeguarding one's own employment lies outside the legitimate goal of criminal process '") (*quoting* Hernandez v Wells, No 01 Civ 4376, 2003 WL 22771982, at *9 (S D N Y Nov 24, 2003))

135    The Defendants issued legal process in order to obtain collateral objectives outside the legitimate end of legal process, to wit, to cover up their above-mentioned failures

136    The Defendants made false claims

137    The Defendants falsely claimed that Plaintiff had already perfected his appeal and that his conviction was affirmed

138    The Defendants intentionally omitted that Burke was a disgraced delinquent attorney who had since been pulled off the panel, suspended from practice and ultimately disbarred

139    The Defendants intentionally omitted that the Plaintiff's "File Card" listed information pertaining to the wrong "Jose Rodriguez" yet insisted to cite to it, rely on it and use its

24

FILED: NEW YORK COUNTY CLERK 05/02/2023 02:42 PM

NYSCEF DOC NO 1

INDEX NO 153997/2023

RECEIVED NYSCEF 05/02/2023

information to argue against Plaintiff's right to an appeal despite being explicitly informed that it was the wrong information

140    The Defendants intentionally omitted crucial procedural and substantive history from the parole board filings

141    Defendants provided false information after the fact in order to legitimize the massive mistakes they made in the course of this case in order to prevent Plaintiff from pursuing legal action against the defendants for their involvement

142    As a direct and proximate result of this unlawful conduct, Plaintiff sustained emotional and psychological damages, stress, anxiety, court costs, legal fees, humiliation and embarrassment and other damages alleged herein

### AS AND FOR A NNTH CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983
### BY THE CITY OF NEW YORK
### CLAIM FOR *MONELL* LIABILITY

143    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein

144    At all times material to this complaint, Defendant **THE CITY OF NEW YORK** acting through its departments and through Defendants **ADMINISTRATORS OF THE 18-B PANEL FOR THE CITY OF NEW YORK (NEW YORK COUNTY) JOHN/JANE DOE #1-5, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE (including its Appeals Bureau), ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS, AGENTS, SERVANTS and/or EMPLOYEES JOHN/JANE DOES #12-15** had in effect actual and/or *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein

145    At all times material to their complaint, Defendant **THE CITY OF NEW YORK** acting through its police department and through Defendants **ADMINISTRATORS OF THE 18-B PANEL FOR THE CITY OF NEW YORK (NEW YORK COUNTY) JOHN/JANE DOE**

25

FILED: NEW YORK COUNTY CLERK 05/02/2023 02 42 PM
NYSCEF DOC NO 1

INDEX NO 153997/2023
RECEIVED NYSCEF 05/02/2023

#1-5, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE (including its Appeals Bureau), ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS, AGENTS, SERVANTS and/or EMPLOYEES JOHN/JANE DOES #12-15 had in effect and/or *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise and discipline employees and agents, and of failing to inform the individual Defendants' supervisors of the need to train, screen, supervise and discipline said Defendants The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein

146    Defendants, being aware that such lack of training, screening, supervision, and discipline leads to improper conduct, acted with deliberate indifference in failing to establish a program of effective training, screening, supervision and discipline Defendant **THE CITY OF NEW YORK** being aware that the persistent and substantial risk of improper detention of persons based upon insufficient or incorrect information, and effective training, screening, supervision and discipline would lessen the likelihood of such occurrences These are recurrent circumstances which involve such potential danger to the constitutional rights of citizens, more specifically Plaintiff and which are officially tolerated by Defendant **THE CITY OF NEW YORK** Such policies, practices, customs or usages were a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm/damages alleged herein, in violation of Plaintiff's constitutional rights as guaranteed under 42 U S C § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments

147    The existence of the above-described *de facto* unlawful policies and/or well-settled and widespread customs and practices is known to, encouraged and/or condoned by supervisory and policy-making officers and defendant **THE CITY OF NEW YORK**, including but not limited to the District Attorney's Office, 18-b Panel and other employees, agents or representatives

148    At the time of the aforementioned constitutional violations, **THE CITY OF NEW YORK** were and had been on notice of such unconstitutional conduct, customs, and de facto policies, such

26

FILED: NEW YORK COUNTY CLERK 05/02/2023 02:42 PM

NYSCEF DOC. NO. 1

INDEX NO. 153997/2023

RECEIVED NYSCEF: 05/02/2023

that the failure of **THE CITY OF NEW YORK** to take appropriate remedial action amounted to deliberate indifference to the constitutional rights of persons with whom they come in contact. In light of the extensive pattern of well-settled, pervasive customs and policies causing constitutional violations, documented in part infra, the need for more effective supervision and other remedial measures was patently obvious, but **THE CITY OF NEW YORK** made no meaningful attempt to prevent future constitutional violations.

149    Defendant **THE CITY OF NEW YORK** knew or should have known that the acts alleged herein would deprive Plaintiff of his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

150    Defendant **THE CITY OF NEW YORK** is directly liable and responsible for the acts of Defendants, as it repeatedly and knowingly failed to properly supervise, train, instruct, and discipline them and because it repeatedly and knowingly failed to enforce the rules and regulations of the City, and to require compliance with the Constitution and laws of the United States.

151    Despite knowledge of such unlawful de facto policies, practices, and/or customs, these supervisory and policy-making officers and officials and **THE CITY OF NEW YORK**, have not taken steps to terminate these policies, practices and/or customs, do not discipline individuals who engage in such polices, practices and/or customs, or otherwise properly train police officers with regard to the constitutional and statutory limits on the exercise of their authority, and instead approve and ratify these policies, practices and/or customs through their active encouragement of, deliberate indifference to and/or reckless disregard of the effects of said policies, practices and/or customs or the constitutional rights of persons in the City of New York.

152    The aforementioned Defendant's **THE CITY OF NEW YORK** policies, practices and/or customs of failing to supervise, train, instruct and discipline police officers and encouraging their misconduct are evidenced by the police misconduct detailed herein. Specifically, pursuant

27

FILED: NEW YORK COUNTY CLERK 05/02/2023 02 42 PM

NYSCEF DOC. NO. 1

INDEX NO. 153997/2023

RECEIVED NYSCEF: 05/02/2023

to the aforementioned City policies, practices and/or customs, Defendants felt empowered to arrest Plaintiff without probable cause and then kept him in unsanitary and inhuman conditions

153   Pursuant to the aforementioned **THE CITY OF NEW YORK** policies, practices and/or customs, the employees, representatives and/or agents failed to intervene in or report Defendants' violations of Plaintiff's rights

154   Plaintiff's injuries were a direct and proximate result of the defendant **THE CITY OF NEW YORK**'s wrongful de facto policies and/or well-settled and widespread customs and practices and of the knowing and repeated failure of the defendant **THE CITY OF NEW YORK** to properly supervise, train and discipline their employees, agents and representatives

155   As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical, psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured

156   In this case, there was  employees withholding evidence and/or misrepresenting or falsifying evidence, overall inadequate appellate and advocacy work and inadequate post-detention work-up of the case, and permitting and/or enforcing continued detention, objection to appellate process and placing Plaintiff in unsafe and unconstitutional conditions of confinement

157   The acts complained of were carried out by the aforementioned defendants in their capacities as officers pursuant to customs, policies, usages, practices, procedures and rules of the City, all under the supervision of higher-ranking representatives, employees and/or agents of the City

158   At the time of the aforementioned constitutional violations, **THE CITY OF NEW YORK** were and had been on notice of such unconstitutional conduct, customs, and de facto policies, such that the failure of City to take appropriate remedial action amounted to deliberate indifference to the constitutional rights of persons with whom the police come in contact  In light of the extensive pattern of well-settled, pervasive customs and policies causing constitutional violations, documented in part infra, the need for more effective supervision and other remedial measures was patently obvious, but **THE CITY OF NEW YORK** made no meaningful attempt

28

FILED: NEW YORK COUNTY CLERK 05/02/2023 02.42 PM
NYSCEF DOC. NO. 1

INDEX NO. 153997/2023
RECEIVED NYSCEF 05/02/2023

to prevent future constitutional violations

159   Pursuant to the aforementioned **THE CITY OF NEW YORK** policies, practices and/or customs, the employees, representatives and/or agents failed to intervene in or report Defendants' violations of Plaintiff's rights

160   Plaintiff's injuries were a direct and proximate result of the defendant **THE CITY OF NEW YORK**'s wrongful de facto policies and/or well-settled and widespread customs and practices and of the knowing and repeated failure of the defendant **THE CITY OF NEW YORK** to properly supervise, train and discipline their agents, employees, or representatives

161   These is a clear causal connection between the actions of **THE CITY OF NEW YORK** and the constitutional violations in this case   Here, **THE CITY OF NEW YORK** caused and is implicated in the constitutional violations and thus, should be held liable for the unconstitutional actions taken by the police officers

162   Here, it is clear that **THE CITY OF NEW YORK** took action by their hiring and retention, which is sufficient to expose them to liability   Amnesty America v Town of West Hartford, 361 F3d 113, 125 (2d Cir 2004)

163   As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured

## JURY DEMAND

164   Plaintiff hereby demands the convening and empaneling of a jury to consider the merits and evaluate all of the issues properly triable thereby

**WHEREFORE**, Plaintiff **JOSE RODRIGUEZ** demands judgment against Defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants

29

FILED: NEW YORK COUNTY CLERK 05/02/2023 02:42 PM
NYSCEF DOC NO 1

INDEX NO 153997/2023
RECEIVED NYSCEF 05/02/2023

a      Compensatory damages in an amount to be determined by a jury,

b      Punitive damages in an amount to be determined by a jury,

c      Costs, interest and attorney's fees, and sanctions

d      Such other and further relief as this court may deem just and proper, including injunctive and declaratory relief

Dated     New York, New York
           May 2, 2023

                                 Yours, etc

                                 Ellie A Silverman, Esq
                                 *Special Counsel to.*
                                 **SHULMAN & HILL, PLLC.**
                                 *Attorneys for Plaintiff*
                                 **JOSE RODRIGUEZ**
                                 One State Street Plaza, 15th Floor
                                 New York, New York 10004
                                 212-221-1000

30

FILED: NEW YORK COUNTY CLERK 05/02/2023 02:42 PM
NYSCEF DOC. NO. 1

INDEX NO. 153997/2023
RECEIVED NYSCEF: 05/02/2023

## ATTORNEY'S VERIFICATION

**ELLIE A. SILVERMAN**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury

I am an attorney at **SHULMAN & HILL, PLLC**, attorneys of record for Plaintiff **JOSE RODRIGUEZ** I have read the annexed **SUMMONS AND COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files

This verification is made by me because Plaintiff is not presently in the county wherein I maintain my offices

Dated        New York, New York
             May 2, 2023

Ellie A Silverman, Esq

31

**FILED: NEW YORK COUNTY CLERK 05/02/2023 02 42 PM**

NYSCEF DOC NO 1

INDEX NO 153997/2023

RECEIVED NYSCEF 05/02/2023

*Index No _____/2023*

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

JOSE RODRIGUEZ,

<em>Plaintiff,</em>

-against-

THE CITY OF NEW YORK, ADMINISTRATORS OF THE 18-B PANEL FOR THE CITY OF NEW YORK (NEW YORK COUNTY) JOHN/JANE DOE #1-5, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, ADA CHRISTOPHER P, MARINELLI, ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS, AGENTS, SERVANTS and/or EMPLOYEES JOHN/JANE DOES #12-15 (the names "John/Jane Doe" being fictitious as the true names are presently unknown), individually and in their official capacity as New York City administrators, ADAs or employees, agents or servants),

<em>Defendants</em>

**SUMMONS AND VERIFIED COMPLAINT**

Ellie A Silverman, Esq
***Special Counsel to·***
**SHULMAN & HILL, PLLC**
Attorneys for Plaintiff
**JOSE RODRIGUEZ**
One State Street Plaza, 15th Floor
New York, New York 10004
212-221-1000

*Pursuant to 22 NYCRR 130-1 1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous*

Dated   May 2, 2023

*Ellie A Silverman, Esq*

TO

1   **THE CITY OF NEW YORK,** 100 Church Street, New York, New York 10007,
2   **NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE,** 1 Hogan Place, New York, NY 10013
3   **ADA CHRISTOPHER P, MARINELLI,** 1 Hogan Place, New York, NY 10013

32