*Revised: March 8, 2018*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x

JOSE RODRIGUEZ

                Plaintiff(s),      No. 23-cv-05531 (LAK) (OTW)

    -against-

THE CITY OF NEW YORK, ET AL

                Defendant(s).

------------------------------------------x

## REPORT OF RULE 26(f) MEETING AND PROPOSED CASE MANAGEMENT PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on 7/25/23 and exchanged communications thereafter, and submit the following report of their meeting for the court's consideration:

1. **Summary of Claims, Defenses, and Relevant Issues**

**Plaintiff:**
Plaintiff alleges he was denied his constitutional right to due process of law including the entitlement to an appeal and right to effective assistance of counsel.  Defendants' deliberate concealment of information rose to the level of intentional misconduct.

**Defendant:**
Defendant City is currently investigating the allegations in the complaint and their potential defenses.

DA Defendants will raise immunity, failure to state a claim, and that DANY is not a suable entity, and statute of limitations.

2. **Basis of Subject Matter Jurisdiction:** Federal Question

1

*Revised: March 8, 2018*

3. **Subjects on Which Discovery May Be Needed**

Plaintiff:
Any records regarding appeal, underlying trial materials, parole review board documents/records for plaintiff.

Defendant:
Plaintiff's other convictions, specifically 2010 manslaughter charge.

4. **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Plaintiff(s) on 7/25/23. In addition, on 9/28/23, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Defendant(s) on 7/25/23. In addition, on 9/28/23, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

5. **Formal Discovery**

The parties jointly propose to the Court the following discovery plan:

a. All fact discovery must be completed by 3/28/24.

b. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court,

*Revised: March 8, 2018*

provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above.

    i. <u>Depositions</u>: Depositions shall be completed by <u>2/21/24</u> and limited to no more than <u>10</u> depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    ii. <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before <u>10/30/23</u>. All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

    iii. <u>Requests for Admission</u>: Requests for admission must be served on or before <u>2/28/24</u>.

    iv. <u>Requests for Production</u>: Initial requests for production were/will be exchanged on <u>10/30/23</u> and responses shall be due on <u>11/30/23</u>. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

    v. <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6. **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

The extent to which the trial record is relevant and discoverable.

7. **Amendments to Pleadings**

    a. Are there any amendments to pleadings anticipated? <u>Yes</u>

    b. Last date to amend the Complaint: <u>9/14/23</u>

*Revised: March 8, 2018*

8. **Expert Witness Disclosures**

At this time, the parties do/do not (circle one) anticipate utilizing experts. Expert discovery shall be completed by <u>unknown at this time, to be determined</u>.

9. **Electronic Discovery and Preservation of Documents and Information**

   a. Have the parties discussed electronic discovery? <u>Yes</u>

   b. Is there an electronic discovery protocol in place? If not, when the parties except to have one in place? <u>No, unknown when this can be accomplished.</u>

   c. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

   Due to the time elapsed from the trial, it is unclear what if any materials are stored electronically.

10. **Anticipated Motions**

    Motion to dismiss and motion to stay discovery, during pendency of motion
    Motion for summary judgment

11. **Early Settlement or Resolution**

The parties have/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference by no later than <u>12/31/23</u>. The following information is needed before settlement can be discussed:

   Decision on anticipated motion to dismiss
   Paper discovery

12. **Trial**

   a. The parties anticipate that this case will be ready for trial by <u>following a decision on any motion for summary judgment</u>.

4

Revised: March 8, 2018

    b.    The parties anticipate that the trial of this case will require <u>3-5</u> days.

    c.    The parties do/(do not)(circle one) consent to a trial before a Magistrate Judge at this time.

    d.    The parties request (jury)/bench (circle one) trial.

13. **Other Matters**

Waivers for 160.50 unsealing were submitted to plaintiff's counsel on 7/25/23.

Respectfully submitted this __26__ day of __July, 2023__.

ATTORNEYS FOR PLAINTIFF(S):

*Ellie S*

ATTORNEYS FOR DEFENDANT(S):

*Gregory Musso*

_____
Madeleine Guilmain

5