23 Civ. 5531 (LAK) (OTW)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE RODRIGUEZ,

                                              Plaintiff,

-against-

THE CITY OF NEW YORK, ADMINISTRATORS OF THE 18-B PANEL (NEW YORK COUNTY) JOHN/JANE DOE #1-5, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, ADA CHRISTOPHER P. MARINELLI, ADA JOHN/JANE DOES #6-11, NEW YORK CITY OFFICERS, AGENTS, SERVANTS AND/OR EMPLOYEES JOHN/JANE DOES #12-15,

                                              Defendants.

**MEMORANDUM OF LAW
IN SUPPORT OF DA DEFENDANTS'
MOTION TO DISMISS**

**ALVIN L. BRAGG, JR.**
District Attorney, New York
As Special Assistant Corporation Counsel of the
City of New York
*Attorney for Defendants New York County
District Attorney's Office and Marinelli*
One Hogan Place
New York, New York 10013
(212) 335-9000

Of Counsel: Madeleine Guilmain,
*Assistant District Attorney*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF THE CASE .................................................................................................. 2

STANDARD OF REVIEW ........................................................................................................ 3

ARGUMENT ............................................................................................................................. 4

POINT I ..................................................................................................................................... 4

   PLAINTIFF HAS ABANDONED HIS CLAIMS AGAINST THE DA DEFENDANTS ..................................................................................................................... 4

POINT II .................................................................................................................................... 5

   THE NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE IS NOT A SUABLE ENTITY .......................................................................................................................... 5

POINT III ................................................................................................................................... 6

   DISMISSAL WITH PREJUDICE SHOULD BE GRANTED BECAUSE ADA MARINELLI IS ENTITLED TO IMMUNITY AND IT WOULD BE FUTILE TO PERMIT FUTURE AMENDMENT AS TO HIS CONDUCT ................................... 6

     1. Plaintiff's Official Capacity Claims are Barred by the Eleventh Amendment 6

     2. Plaintiff's Individual Capacity Claims are Barred by Absolute Prosecutorial Immunity ............................................................................................................. 6

     3. Dismissal With Prejudice is Appropriate in Light of the Futility of Any Future Amendment ......................................................................................................... 7

CONCLUSION .......................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page(s)**

*Allen v. N.Y.C. Hous. Auth.*, 2012 U.S. Dist. LEXIS 130307 (S.D.N.Y. July 16, 2012) ...................... 5

*Anilao v. Spota*, 27 F.4th 855 (2d Cir. 2022) ........................................................................ 7

*Arrington v. Lotempio*, 2023 U.S. Dist. LEXIS 12046 (W.D.N.Y. Jan. 24, 2023) ............................ 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................ 3

*Austin v. Ford Models, Inc.*, 149 F.3d 148 (2d Cir. 1998) ...................................................... 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................ 3

*Blessinger v. City of New York*, 2017 WL 3841873 (SDNY, September 1, 2017) ......................... 6

*Buari v. City of New York*, 530 F. Supp. 3d 356 (S.D.N.Y. 2021) ...................................... 6, 7

*Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) ...................................................................... 6

*Burns v. Hines*, 2023 U.S. Dist. LEXIS 54328 (S.D.N.Y. Mar. 29, 2023) ............................... 6, 7

*Crooks v. City of New York*, 2018 N.Y. Slip Op 51537(U) (Sup. Ct., Kings Cnty 2018) .............. 5

*D'Alessandro v. City of New York*, 713 F. App'x 1 (2d Cir. 2017) ......................................... 6

*DiFolco v. MSNBC Cable L.L.C.*, 662 F.3d 104 (2d Cir. 2010) ................................................ 4

*Fluitt v. Baxter*, 2023 U.S. Dist. LEXIS 79016 (W.D.N.Y. May 5, 2023) .................................. 5

*Galdano v. County of Putnam*, 16 CV-3572, 2018 WL 4757968 (SDNY July 13, 2015) .............. 5

*Gonzalez v. City of New York*, 1999 WL 549016 (SDNY July 28, 1999) ................................. 5

*Harrison v. Cnty. Of Nassau*, 2016 WL 408381 (E.D.N.Y. Aug. 1, 2016) ................................. 7

*Hunter v. Bryant*, 502 U.S. 224 (1991) ................................................................................ 3

*Imbler v. Pachtman*, 424 U.S. 409 (1976) ............................................................................ 6

*Johnson v. New York City Police Dep't*, 651 F. App'x 58 (2d Cir. 2016) .................................................. 7

*Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64 (2d Cir. 2014) .................................................................. 3

*Kentucky v. Graham*, 473 U.S. 159 (1985) .............................................................................................. 6

*McKenna v. Wright*, 386 F.3d 432 (2d Cir. 2004) ............................................................................... 3, 4

*Michaels v Greenwood Lake Police Dept.*, 387 F. Supp.2d 361 (SDNY 2005) ........................................ 5

*New York State Ass'n of Career Schools, Inc. v. State Educ. Dep't of the State of N.Y.*, 142 F.R.D. 403 (S.D.N.Y. 1992) ...................................................................................................................................... 5

*Ogunkoya v. Monaghan*, 913 F.3d 64 (2d Cir. 2019) ............................................................................. 7

*Oteri-Harkins v. City of New York*, 1998 U.S. Dist. LEXIS 21876 (E.D.N.Y. Feb. 5, 1998) ................ 5

*People v. Rodriguez*, 199 AD3d 469 (1st Dept. 2021) ............................................................................ 2

*Roberts v. Babkiewicz*, 582 F.3d 418 (2d Cir. 2009) .............................................................................. 4

*Rodriguez v. Weprin*, 116 F3d 62 (2d Cir. 1997) .................................................................................... 6

*Sanchez v. City of New York*, 2019 N.Y. Slip Op 30519(U) ................................................................... 5

*Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124 (2d Cir. 1994) ............................................................. 4

*Shmueli v. City of New York*, 424 F.3d 231 (2d Cir. 2005) .................................................................... 4

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) ................................................................................ 4

*Tabor v. City of New York*, 2012 U.S. Dist. LEXIS 29004 (E.D.N.Y. Feb. 23, 2021) ....................... 7, 8

*Warney v. Monroe County*, 587 F.3d 113 (2d Cir. 2009) .................................................................... 6, 7

*Woodward v. Office of DA*, 689 F. Supp.2d 655 (SDNY 2010) ............................................................. 5

*Ying Jing Gan v. City of New York*, 996 F.2d 522 (2d Cir. 1993) .......................................................... 6

*Ying Li v. City of New York*, 246 F. Supp. 3d 578 (E.D.N.Y. 2017) ..................................................... 7

## **PRELIMINARY STATEMENT**

By this civil suit, plaintiff Jose Rodriguez ("Rodriguez"), brought this action against the New York County District Attorney's Office and New York County Assistant District Attorney ("ADA") Christopher P. Marinelli (collectively, the "DA Defendants"), and others. The defendants were sued "individually and in their official capacity as New York City administrators, ADAs or employees, agents or servants." (Verified Complaint dated and filed in New York State Supreme Court, Civil Term, on May 2, 2023, removed to this Court on Notice dated June 28, 2023, by defendant City of New York [hereinafter, "VC"], ECF No. 1, at p. 1). Plaintiff avers that he was denied his constitutional rights to due process and equal protection because his court-appointed appellate counsel failed to perfect his appeal in a timely manner, thus violating New York State Human Rights Law, New York City Human Rights Code, Civil Rights laws, the New York State Constitution and the United States Constitution (VC, at p. 2).

After several months of discussion amongst the parties, on December 8, 2023, plaintiff filed an Amended Complaint, in which he has removed the DA Defendants from the caption, and now seeks to continue solely against the City of New York (*See generally* Amended Complaint dated December 8, 2023 [hereinafter, "AC"], ECF No. 21). When the City of New York sought an extension of the time to answer the AC, the Court granted that extension, and directed all defendants—including the DA Defendants—to answer by January 29, 2024 (ECF No. 23). On January 9, 2024, plaintiff submitted to the Court a Notice of Voluntary Dismissal as to the DA Defendants (ECF No. 24). In that notice, however, although plaintiff sought to dismiss the action as to the two named DA Defendants, he sought to do so "without prejudice." On January 10, 2024, this Court rejected the Notice of Voluntary Dismissal "without prejudice to a motion to dismiss as to the DA's Office and Mr. [Marinelli] without prejudice or, alternatively, with prejudice" (ECF No. 25). The Court then

granted an additional extension of time to answer the AC, for all defendants, including the DA Defendants, to March 14, 2024 (ECF Nos. 29 and 30).

Defendants now move to dismiss this action, with prejudice, as to the DA Defendants, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has abandoned his claims against the DA Defendants, as evinced by the AC. (*See* ECF No. 21.) Furthermore, the record in this litigation reflects that plaintiff's erstwhile claims concerning the DA Defendants are fatally deficient as a matter of absolute prosecutorial immunity, Eleventh Amendment sovereign immunity, and on the grounds that the New York County District Attorney's Office is not a suable entity. In light of both contentions, it would be futile to permit plaintiff to amend the pleadings pursuant to Rule 15(a)(2) at any future time, and thus the DA Defendants are entitled to dismissal with prejudice.

## STATEMENT OF THE CASE

In a decision and order dated November 9, 2021, the Appellate Division, First Department, granted plaintiff's appeal, reversed his 1982 conviction and dismissed the criminal charges against him. *People v. Rodriguez*, 199 AD3d 469 (1st Dept. 2021). The appellate court found that plaintiff was deprived of his right to a speedy appeal, because his assigned appellate counsel failed to perfect his appeal, and because plaintiff did not learn of that failure for over 30 years. *Id.*

Plaintiff initially brought this action against the DA Defendants for: 1) a violation of his right to due process and equal protection under 42 U.S.C. § 1983 (VC at 12-15); 2) violating his rights under 42 U.S.C. § 1983 for false imprisonment and deprivation of liberty (VC at 15-17); 3) "deliberate indifference" and "failure to intervene" when his court-appointed attorney did not pursue his appeal (VC at 17-19); 4) intentional infliction of emotional distress (VC at 19-21); 5) general negligence (VC at 22); 6) negligent hiring, screening, retention, supervision and training of employees (VC at 22-23);

7) negligent infliction of emotional harm (VC at 23-24); 8) malicious abuse of process (VC at 24-25); and 9) a *Monell* claim under 42 U.S.C. § 1983 (VC at 25-29).[1]

Plaintiff thereafter filed the AC, which abandoned all claims against the DA Defendants (*see* ECF No. 21). Following the filing of the AC, which now only names the City of New York as a defendant, plaintiff then sought to voluntarily dismiss his causes of action against the DA Defendants, by filing a Notice of Voluntary Dismissal solely as to those defendants (*see* ECF No. 24.). However, although plaintiff sought to dismiss the action as to the DA Defendants, he attempted to do so "without prejudice" (*Id.*). The Court rejected that attempt to leave the door open to future suit against the DA Defendants, and granted leave to the DA Defendants to move to dismiss with prejudice (*see* ECF No. 25).

## STANDARD OF REVIEW

The DA Defendants move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether this standard is satisfied, courts assume that all "factual allegations contained in the complaint" are true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and draws all reasonable inferences in the plaintiff's favor. *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 68 (2d Cir. 2014). Where a defense of immunity is raised, the Supreme Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (per curiam); *see also McKenna v. Wright*, 386 F.3d 432, 435 (2d Cir.

---

[1] The instant Memorandum of Law will refer to the allegations in the superseded VC to illustrate both the applicability of absolute prosecutorial immunity and to explain why further amendment as to the DA Defendants would be futile, thereby establishing alternate grounds for dismissal with prejudice, notwithstanding plaintiff's abandonment of his claims against the defendants moving herein.

3

2004) (noting that immunity may be asserted as a defense in a motion to dismiss where "the facts supporting the defense appear[ ] on the face of the complaint"). In addition, the reviewing court may consider "the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 662 F.3d 104, 111 (2d Cir. 2010). The Court may also consider "any matter of which the court can take judicial notice for the factual background of the case." *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009) (per curium); *see also Shmueli v. City of New York*, 424 F.3d 231, 233 (2d Cir. 2005) ("The New York State ('State') prosecution of Shmueli is a matter of public record, of which we take judicial notice.").

## ARGUMENT

By this motion, the DA Defendants seek to dismiss the action, with prejudice. Initially, the DA Defendants note that plaintiff does not challenge the dismissal of the AC as to them. The AC failed to name the DA Defendants in the caption, failed to allege any claims against them, and following the submission of the AC, plaintiff attempted to voluntarily dismiss the action as to them. The only issue here is whether that dismissal should be with prejudice. Clearly, it should be.

## POINT I

### PLAINTIFF HAS ABANDONED HIS CLAIMS AGAINST THE DA DEFENDANTS

As a rule, "all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *See Austin v. Ford Models, Inc.*, 149 F.3d 148, 155 (2d Cir. 1998), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). Accordingly, because the AC superseded the VC, the VC has no further legal effect. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Thus, given that the AC fails to name the DA Defendants in the caption and does not advance any claims against them, plaintiff has evinced an "intention to abandon the

previously asserted claims which have not been realleged in the amended complaint." *Fluitt v. Baxter*, 2023 U.S. Dist. LEXIS 79016, at *16 (W.D.N.Y. May 5, 2023). Under such circumstances, courts in Circuit routinely order dismissal with prejudice. *See id.*, *Arrington v. Lotempio*, 2023 U.S. Dist. LEXIS 12046, at *11 (W.D.N.Y. Jan. 24, 2023); *Allen v. N.Y.C. Hous. Auth.*, 2012 U.S. Dist. LEXIS 130307, at *12-13 (S.D.N.Y. July 16, 2012); *New York State Ass'n of Career Schools, Inc. v. State Educ. Dep't of the State of N.Y.*, 142 F.R.D. 403, 406 (S.D.N.Y. 1992); *Oteri-Harkins v. City of New York*, 1998 U.S. Dist. LEXIS 21876 (E.D.N.Y. Feb. 5, 1998). Therefore, the Court should dismiss plaintiff's claims against the DA Defendants with prejudice on the grounds that they are abandoned and all causes of action thereby waived.

## POINT II

### THE NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE IS NOT A SUABLE ENTITY

Even if the Court does not deem plaintiff's claims against the DA Defendants abandoned as a matter of law, they must still be dismissed with prejudice. It is a well settled that the New York County District Attorney's Office does not have a distinct legal existence separate and apart from the District Attorney, and as such, is not a suable entity. *Crooks v. City of New York*, 2018 N.Y. Slip Op 51537(U) (Sup. Ct., Kings Cnty 2018); *Galdano v. County of Putnam*, 16 CV-3572, 2018 WL 4757968, at *3 (SDNY July 13, 2015); *Woodward v. Office of DA*, 689 F. Supp.2d 655, 658 (SDNY 2010); *Gonzalez v. City of New York*, 1999 WL 549016, at *1 (SDNY July 28, 1999); *Sanchez v. City of New York*, 2019 N.Y. Slip Op 30519(U); *Michaels v Greenwood Lake Police Dept.*, 387 F. Supp.2d 361 (SDNY 2005). There is simply no circumstance in which plaintiff will be able to bring suit against the New York County District Attorney's Office in the future. Accordingly, plaintiff's claims against the New York County District Attorney's Office are legally invalid, and therefore must not only be dismissed, but dismissed with prejudice.

## POINT III

### DISMISSAL WITH PREJUDICE SHOULD BE GRANTED BECAUSE ADA MARINELLI IS ENTITLED TO IMMUNITY AND IT WOULD BE FUTILE TO PERMIT FUTURE AMENDMENT AS TO HIS CONDUCT

1. *Plaintiff's Official Capacity Claims are Barred by the Eleventh Amendment*

District Attorneys and Assistant District Attorneys ("ADAs") sued in their official capacity for conduct arising from the handling of a state prosecutorial function—as defendant Marinelli has been sued here—are considered to be state officials and are protected by the same Eleventh Amendment immunity that belongs to the state, itself. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *D'Alessandro v. City of New York*, 713 F. App'x 1, 8 (2d Cir. 2017); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993); *Blessinger v. City of New York*, 2017 WL 3841873 (SDNY, September 1, 2017). The Eleventh Amendment prohibits a claim for damages against a state official so sued. Here, the scope of both the VC and the AC involve matters that, even if they are deemed to apply to defendant Marinelli, would involve Marinelli's advocacy function as a state prosecutor, namely representing the People of the State of New York in post-conviction litigation. *See Burns v. Hines*, 2023 U.S. Dist. LEXIS 54328, at *15-16 (S.D.N.Y. Mar. 29, 2023). These claims, therefore, must be dismissed as barred by Eleventh Amendment sovereign immunity. *Ying Jing Gan,* 996 F2d at 536*; see also Rodriguez v. Weprin,* 116 F3d 62, 66 (2d Cir. 1997).

2. *Plaintiff's Individual Capacity Claims are Barred by Absolute Prosecutorial Immunity*

Likewise, the doctrine of absolute immunity bars individual capacity claims against prosecutors who function as advocates in a state prosecution. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Warney v. Monroe County*, 587 F.3d 113, 123 (2d Cir. 2009) (applying absolute prosecutorial immunity to post-conviction litigation); *Buari v. City of New York*, 530 F. Supp. 3d 356, at 381-82 (S.D.N.Y. 2021) (immunity applies to prosecutors involved in a 'purportedly non-adversarial investigative review of Plaintiff's case' after conviction). Under Second

6

Circuit precedent, a "prosecutor's function depends chiefly on whether there is pending or in preparation a court proceeding in which the prosecutor acts as an advocate." *Warney*, 587 F.3d at 123 (concluding that it is "unhelpful to ascertain the prosecutors' functional role by isolating each specific act done or not done"); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70 (2d Cir. 2019) While a prosecutor may not be immune from liability if he or she acts "well outside the scope of [his or her] authority," a "jurisdictional defect must be clear and obvious," to warrant a denial of immunity. *Anilao v. Spota*, 27 F.4th 855, 864 (2d Cir. 2022). Here, plaintiff has clearly failed to overcome the "formidable obstacle" to absolute prosecutorial immunity described by the Second Circuit. *Anilao*, 27 F.4th at 865.

The entirety of plaintiff's claims are connected to defendant ADA Marinelli's role in opposing plaintiff's petition for a writ of error *coram nobis* and his late submission of an appeal of his criminal conviction. All of the actions taken by ADA Marinelli, as described by plaintiff in the VC, were done within the context of his advocacy function as a state prosecutor. ADA Marinelli is therefore clearly immune from civil suit as to those actions. *See Burns*, 2023 U.S. Dist. LEXIS 54328, at *15-16; *Buari*, 530 F. Supp. 3d at 381-82. Moreover, as there is no theory, based on the facts alleged in the VC, in which defendant Marinelli would be anything other than absolutely immune from liability, that dismissal should be with prejudice.

3. *Dismissal With Prejudice is Appropriate in Light of the Futility of Any Future Amendment*

Because "it is clear that all of plaintiff's allegations relate to [ADA Marinelli's] involvement in plaintiff's prosecution and are therefore protected by absolute immunity," the Court should dismiss the action as to ADA Marinelli with prejudice, as any future amendment to the complaint would be futile. *Harrison v. Cnty. Of Nassau*, 2016 WL 408381, at *6 (E.D.N.Y. Aug. 1, 2016); *see also Johnson v. New York City Police Dep't*, 651 F. App'x 58, 61 (2d Cir. 2016); *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 646 (E.D.N.Y. 2017); *cf. Tabor v. City of New York*, 2012 U.S. Dist. LEXIS 29004, at *19-20 (E.D.N.Y. Feb. 23, 2021) (denying leave to amend complaint on futility grounds because the proposed

DA defendants were entitled to absolute immunity). The Court now has ample evidence from plaintiff's filings in this litigation that the entire scope of his allegations against ADA Marinelli implicate sovereign and absolute immunity. (*See generally,* ECF Nos. 1 and 21.) Accordingly, any amended pleading based upon the scope of plaintiff's allegations concerning post-conviction litigation would fail on immunity grounds. *See Tabor*, 2012 U.S. Dist. LEXIS 29004, at *19-20. Therefore, dismissal must be ordered with prejudice.

## CONCLUSION

All claims should be dismissed as to the DA Defendants, the New York County District Attorney's Office and Assistant District Attorney Christopher Marinelli, and it should be dismissed with prejudice. There is no theory, based on the facts in either the VC or the AC in which either of the DA Defendants can be held liable for their actions. Plaintiff has sought to remove the DA Defendants from the case, and for the above reasons, the DA Defendants respectfully request that the Court enter an order pursuant to Rule 12(b)(6) dismissing this matter as to the DA Defendants with prejudice together with costs, fees, disbursements, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 14, 2024

**ALVIN L. BRAGG, JR.**
District Attorney, New York County
*as Special Assistant Corporation Counsel*
One Hogan Place
New York, New York 10013

By: _____
Madeleine Guilmain
*Assistant District Attorney*
Of Counsel
guilmainm@dany.nyc.gov

8