UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

JOSE RODRIGUEZ,

                                   Plaintiff,

                  - against -

THE CITY OF NEW YORK,

                                 Defendant.

------------------------------------------------------------------- X

**ANSWER TO AMENDED COMPLAINT BY DEFENDANT CITY OF NEW YORK**

23-CV-5531 (LAK) (OTW)

**Jury Trial Demanded**

        Defendant City of New York, by its attorney, the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for its answer to plaintiff's Amended Complaint, dated December 8, 2023, respectfully alleges, upon information and belief, as follows:

        1.     Deny the allegations the allegations set forth in paragraph "1" of the Amended Complaint.

        2.     Deny the allegations set forth in paragraph "2" of the Amended Complaint.

        3.     Deny the allegations set forth in paragraph "3" of the Amended Complaint.

        4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Amended Complaint.

        5.     Deny the allegations set forth in paragraph "5" of the Amended Complaint.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Amended Complaint, except admit that as per the Supreme Court, Appellate Division, decision dated November 9, 2021, pertaining to this matter, by sometime in 2018, the Supreme Court record had largely been destroyed.

7.      Deny the allegations set forth in paragraph "7" of the Amended Complaint, except admit that plaintiff's appeal was granted on November 9, 2021.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Amended Complaint.

9.      Admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

10.     Deny the allegations set forth in paragraph "10" of the Amended Complaint, except admit that Plaintiff purports to invoke jurisdiction of the Court as stated therein.

11.     Deny the allegations set forth in paragraph "11" of the Amended Complaint, except admit that Plaintiff purports to base venue as stated therein.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Amended Complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Amended Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Amended Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Amended Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Amended Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Amended Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Amended Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Amended Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Amended Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Amended Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Amended Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Amended Complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Amended Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Amended Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Amended Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Amended Complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Amended Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Amended Complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Amended Complaint

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Amended Complaint

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Amended Complaint

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Amended Complaint

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Amended Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Amended Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Amended Complaint and respectfully refer the Court to the case cited therein for full content.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Amended Complaint.

38.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Amended Complaint.

39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Amended Complaint.

40.    Deny the allegations set forth in paragraph 40 of the Amended Complaint.

41.    Deny the allegations set forth in paragraph "41" of the Amended Complaint.

42.    Deny the allegations set forth in paragraph "42," including subparts (a) – (e) of the Amended Complaint.

43.    Deny the allegations set forth in paragraph "43" of the Amended Complaint.

44.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Amended Complaint.

45.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Amended Complaint.

46.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Amended Complaint.

47.    Deny the allegations set forth in paragraph "47" of the Amended Complaint and respectfully refer the Court to the cited Resolution for its full and accurate content and context.

48.    Deny the allegations set forth in paragraph "48" of the Amended Complaint and respectfully refer the Court to the cited study for its full and accurate content and context.

49.     Deny the allegations set forth in paragraph "49" of the Amended Complaint and respectfully refer the Court to the cited news article for its full and accurate content and context.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Amended Complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Amended Complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Amended Complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Amended Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Amended Complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Amended Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Amended Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Complaint and respectfully refer the Court to the cited decision for its full and accurate content and context.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Amended Complaint and respectfully refer the Court to the decision cited for an accurate recitation of the information contained therein.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Amended Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Amended Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Amended Complaint.

62.     Deny the allegations set forth in paragraph "62" of the Amended Complaint, except admit that plaintiff received new appellate counsel in 2018.

63.     Deny the allegations set forth in paragraph "63" of the Amended Complaint.

64.     Deny the allegations set forth in paragraph "64" of the Amended Complaint and respectfully refer the Court to the cited report for its full and accurate content and context.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Amended Complaint

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Amended Complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Amended Complaint.

68.     Deny the allegations set forth in paragraph "68" of the Amended Complaint.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the Amended Complaint and respectfully refer the Court to the cited Executive Order for its full and accurate content and context.

70.     Deny the allegations set forth in paragraph "70" of the Amended Complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the Amended Complaint.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Amended Complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the Amended Complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Amended Complaint.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the Amended Complaint.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the Amended Complaint.

77.     Deny the allegations set forth in paragraph "77" of the Amended Complaint.

78.     Deny the allegations set forth in paragraph "78" of the Amended Complaint.

79.     In response to the allegations set forth in paragraph "79" of the Amended Complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

80.     Deny the allegations set forth in paragraph "80" of the Amended Complaint.

81.     Deny the allegations set forth in paragraph "81" of the Amended Complaint.

82.     Deny the allegations set forth in paragraph "82" of the Amended Complaint.

83.     In response to the allegations set forth in paragraph "83" of the Amended Complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

84.     Deny the allegations set forth in paragraph "84" of the Amended Complaint.

85.     Deny the allegations set forth in paragraph "85" of the Amended Complaint.

86.     Deny the allegations set forth in paragraph "86" of the Amended Complaint.

87.     Deny the allegations set forth in paragraph "87" of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

88.     The Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

89.     Defendant City of New York have not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivision thereof; nor have defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

90.      At all times relevant to the acts alleged in the Amended Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

91.     Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and was not the proximate result of any act of any Defendant

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

92.     Plaintiff's claims may be barred by the applicable statute of limitations

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

93.     At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal Defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, Defendant City is entitled to governmental immunity from liability

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

94.     Plaintiff has failed to mitigate his alleged damages.

## <u>AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE</u>:

95.     Plaintiff has failed to state a claim under Monell v. Department of Social Services, 436 U.S. 658 (1978).

**WHEREFORE,** defendant City of New York requests judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: March 14, 2024
        New York, New York

                HON. SYLVIA O. HINDS-RADIX
                Corporation Counsel of the City of New York
                *Attorney for Defendant City of New York*
                100 Church Street
                New York, NY 10007
                (212) 356-3318


        By:     *Amy Robinson*
                Amy Robinson
                *Senior Counsel*

TO:     <u>**VIA ECF**</u>

        *All attorneys of Record*