# APPENDIX 2(b)

## Indigent Defendants Legal Panel

PLAN OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, BRONX COUNTY BAR ASSOCIATION, BROOKLYN BAR ASSOCIATION, NEW YORK COUNTY LAWYERS' ASSOCIATION, QUEENS COUNTY BAR ASSOCIATION AND RICHMOND COUNTY BAR ASSOCIATION

Adopted Pursuant to Article 18-B of the County Law

Approved by the Judicial Conference of the State of New York, April 23, 1966

Published by the Administrator of the First Department Plan

JANUARY 1, 1967

# CONTENTS

|  |  | Page |
|---|---|---|
| I. | The Legal Aid Society | 925 |
| II. | Panel of Attorneys | 925 |
| III. | The Administrator or Administrators | 927 |
| IV. | Appointment of Counsel | 928 |
|  | A. Appointments from trial panels | 928 |
|  | B. Duration and substitution of appointments | 928 |
|  | C. Appointments from appellate panels | 929 |
| V. | Services Other than Counsel | 930 |
| VI. | Payment of Counsel Fees and for Other Services | 930 |
| VII. | Forms | 931 |
| VIII. | Rules and Reports | 931 |

Imaged with the Permission of N.Y.U. Review of Law and Social Change

Pursuant to the provisions of Article 18-B of the County Law (Ch. 878 of the Laws of 1963, approved July 16, 1963), The Association of the Bar of the City of New York, Bronx County Bar Association, Brooklyn Bar Association, New York County Lawyers' Association, Queens County Bar Association and Richmond County Bar Association hereby propose the following Plan for the adequate representation of persons charged with a crime as defined in Section 722-a of the County Law, who are financially unable to obtain counsel, and for the furnishing of investigative, expert and other services, as provided in Section 722-c thereof.

As provided in subparagraph (4) of Section 722 of the County Law this Plan combines representation by a private legal aid society and by private attorneys, the services of the latter being rotated (so far as practicable and feasible) and coordinated by an administrator.

The Legal Aid Society of The City of New York (Legal Aid Society) will be designated as the private legal aid society and The Association of the Bar of the City of New York and the five county bar associations within The City of New York will be designated as the bar associations which may prepare panels of attorneys to be rotated as above and coordinated by an administrator (Administrator) or administrators (Administrators).

### I. THE LEGAL AID SOCIETY

Under this Plan, whenever a determination has been made by a court that a defendant is entitled to representation under Article 18-B of the County Law, the court shall designate and appoint the Attorney-in-Charge of the Criminal Courts Branch of the Legal Aid Society as the attorney of record for the defendant in all cases, unless:

> (1) the court deems the assignment of other counsel to be required in the interest of justice because of either a conflict of interest or any other good cause, in which event the court shall appoint counsel to be designated by the appropriate Administrator from the appropriate panel as hereinafter provided: or
>
> (2) the defendant in the case is charged with a crime punishable by death or life imprisonment, in which event application shall forthwith be made in the Supreme Court for the assignemnt of counsel, and in any such case the Supreme Court may, in its discretion name, assign and appoint one or more of the attorneys listed in the panel of trial attorneys available for service in the Supreme Court in the County.

### II. PANEL OF ATTORNEYS

Each bar association shall prepare and certify to the appropriate Administrator not later than June 30, 1966, a list of attorneys who are admitted to practice in the State of New York and who, in the opinion of the bar associa-

tion, which shall consider their experience in criminal practice, are competent to give adequate representation to defendants under Article 18-B of the County Law. Such list shall include each attorney's name and address and telephone number, and shall be supplemented by a compilation consisting of a copy of the application, on the form attached hereto as Exhibit A, of each attorney listed.

   1. Each attorney whose name is listed shall be designated by the bar association as available for service in either the Supreme Court or the Criminal Court or both; but his name shall not be listed at all unless he is designated as available for service in that court or both courts, as the case may be, in which in his application, as above mentioned, he has expressed his willingness to serve.

   2. In the event that an attorney is not designated as available for the service he has expressed his willingness to render and accordingly his name is not listed, both the fact that he has made application and the contents of such application shall be kept and deemed in all respects private and confidential and shall not be disclosed except upon the written request of the applicant.

   3. It shall not be regarded as an obligation of an attorney to express willingness to serve in the Supreme Court, even though he is fully qualified and competent to serve, should he prefer to restrict his service as assigned counsel to cases in the Criminal Court; nor shall it be regarded an obligation of an attorney to serve as assigned counsel in the Criminal Court should he prefer to restrict his service to the Supreme Court, provided, however, that an application for designation for service only in the Supreme Court must be deemed to include a consent to serve in the Criminal Court to the extent of representing a defendant at arraignments and at hearings to determine whether such defendant should be held for action by the Grand Jury, when such defendant is charged with a felony for which an indictment may be found and returned in the Supreme Court.

   4. No attorney shall be designated by a bar association as available for service as trial counsel in the Supreme Court unless he shall have been at the Bar for a minimum of seven years and shall have had substantial experience in the trial of criminal cases, provided, however, that in exceptional circumstances when in the opinion of a bar association an attorney is especially well qualified by reason of demonstrated ability and experience the bar association may waive th requirment of the minimum of seven years at the Bar. In addition to or instead of designation of availability as trial counsel, an attorney may be designated as available for service on appeals in criminal cases.

   5. Additions to and deletions from the panel or panels of attorneys, prepared as provided in Article III hereof, may be made from time to time by the bar association which submitted the original list and in accordance with the same principles observed by the bar association in initially certifying the list of attorneys to the Administrator or Administrators. In addition, the appropri-

ate Appellate Division may at any time make additions to or deletions from any bar association panel.

6. In order to permit all members of the bar in The City of New York to render service in their capacity as officers of the courts and in keeping with the high traditions of the legal profession, each bar assoication shall, in addition to recruiting the services of its own members, endeavor to enlist the services of any lawyer not a member of any of the County or City bar associations who is qualified to render service under Article 18-B of the County Law.

### III. THE ADMINISTRATOR OR ADMINISTRATORS

1. In their discretion the Appellate Divisions of the First and Second Judicial Departments shall together appoint one Administrator for both Departments, or they each shall appoint an Administrator for their respective Departments. His or their salaries and administrative expenses, including salaries of assistants and clerical personnel to be appointed as required, shall be paid by The City of New York.

2. Upon receipt of the lists of attorneys certified by the bar associations pursuant to Article II hereof, the Administrator or Administrators shall prepare two panels of trial attorneys for each county from the lists provided by the bar associations, one panel for Supreme Court cases and one panel for Criminal Court cases. No attorney may be placed on the panels of more than one county. The Administrator or Administrators shall similarly prepare panels for appeals to the Appellate Terms and Appellate Divisions, First and Second Departments. No attorney may be placed on the appellate panels of more than one Department; but an attorney may be on both the trial panels of a county and the appellate panels of a Department.

3. The Administrator or Administrators shall prepare all panels in the following fashion: the names for each of the panels shall be drawn by lot and placed in the order drawn on a list, copies of which should then be available for distribution as provided by the appropriate Appellate Division. All assignments shall be rotated on each panel by the Administrator or Administrators in accordance with the listing of the panel until an attorney is reached who is available for service. Whenever the Supreme Court has exercised its discretion to appoint an attorney or attorneys from the Supreme Court panel in a case involving a crime punishable by death or life imprisonment (as provided in Article I and in paragraph A1 of Article IV hereof) and such attorney's name has not previously been reached in order on the list, such attorney shall thereafter be treated as if his name had been reached in regular rotational order. The Administrator or Administrators ahll maintain adequate records which will demonstrate compliance with a rotational procedure.

IV. APPOINTMENT OF COUNSEL

A. Appointments from trial panels.

 1. After a determination by the court that a defendant or prospective defendant is entitled to representation under Article 18-B of the County Law and that the Legal Aid Society should not furnish counsel for any of the reasons set forth in Article I hereof, the court shall make an initial determination whether or not the case is such that the attorney to be appointed at that time should come from the Supreme Court panel or the Criminal Court panel, and shall so notify the appropriate Administrator. In the event that a case involves a crime punishable by death or life imprisonment, the Supreme Court may, in its discretion, request the appropriate Administrator to designate for appointment, without regard for rotation, one or more attorneys named by the Court who are listed on the Supreme Court panel to the extent such procedure is permitted by law. In cases where the court determines that justice requires the immediate presence of counsel, and counsel from the panel is not immediately available, the court may appoint other counsel, who shall not be compensated under this Plan, to advise the defendant until counsel from the panel can be assigned.

 2. The appropriate Administrator shall designate an attorney from the appropriate county panel in accordance with the procedures set forth in paragraph 3 of Article III hereof. All designations of counsel by such Administrator shall be promptly reported to the clerk of the appropriate court and such counsel must be assigned by the court.

 3. In cases involving more than one defendant, one or more attorneys may be appointed, as herein provided, to represent all defendants, but where circumstances warrant, such as conflicting interests of respective defendants, separate counsel shall be appointed, as herein provided, for each of the defendants or any one of them.

 4. No defendant accepting representation under Article 18-B of the County Law shall be permitted to select his own counsel from the panel of attorneys.

 5. Subject to paragraph B of this Article IV, whenever counsel has been appointed by the court such counsel shall continue to act for the defendant throughout the proceedings in the trial court and through appeal, unless or until he is relieved by the appellate court.

B. Duration and substitution of appointments.

 1. As provided in Section 722 of the County Law, a defendant for whom counsel is appointed hereunder shall be represented at every stage of the proceedings, from his initial appearance before the judge or justice through appeal. If at any time after the appointment of counsel the court finds that the defendant is financially able to obtain counsel or to make partial payment for his representation, the court may terminate the appointment of counsel or it

may direct that payment be made to the appointed private counsel or to the City of New York, as authorized by Section 722-d of the County Law. Such payments shall be strictly controlled by the court, to the end that payments to appointed private counsel shall not exceed the maximum permitted by Section 722-b of the County Law.

   2. The court may, in the interests of justice, substitute one appointed counsel from the panel for another, designated by the appropriate Administrator as herein provided, at any stage of the proceedings. Whenever an attorney who is not on the Supreme Court panel has been appointed by the Criminal Court to a case which results in an indictment, such attorney must withdraw from the case as soon as practicable and an attorney from the Supreme Court panel, whose name has been obtained and furnished by the appropriate Administrator as hereinabove provided, should be substituted by the Supreme Court. Whenever justice requires, however, the Supreme Court may appoint the original attorney to serve as co-counsel with the new attorney. In no event shall the total compensation to all appointed private counsel exceed the maximum permitted by Section 722-b of the County Law. Appointed counsel replaced by such substitution shall await the final disposition of the case before submitting his claim for compensation as prescribed hereinafter.

   3. No counsel appointed hereunder shall seek or accept any fee for representing the defendant for whom he is appointed without approval of the court as hereinabove provided. If there should come to the knowledge of such counsel any information indicting that the defendant or someone on his behalf can make payment in whole or in part for legal services, it shall be his duty to report such information promptly to the court, so that appropriate action may be taken hereunder.

C.  Appointments from appellate panels.

   1. After the appellate court has made a determination that a defendant is entitled to representation under Article 18-B of the County Law and that the Legal Aid Society should not furnish counsel for any of the reasons detailed in Article I hereof, the appointment shall be made in the same manner as that prescribed in paragraph A of this Article IV. Counsel representing the defendant in the trial court shall, in appropriate cases and if a member of the appropriate appellate panel, be appointed by the appellate court to continue on appeal. The appointment of counsel on appeal shall be made within a reasonable time after the notice of appeal filed.

   2. In appealed cases involving more than one defendant, one or more attorneys may be appointed to represent all appellants, but where circumstances warrant such as conflicting interests of respective appellants separate counsel shall be appointed for each of the appellants or any one of them.

   3. The appellate court may, at any point in the appellate proceedings, substitute one appointed counsel from the panel for another, designated by the

appropriate Administrator as herein provided, in the same manner and under the same conditions as provided for in paragraph B of this Article IV.

   4. No defendant accepting representation under Article 18-B of the County Law shall be permitted to select his own counsel from the panel of attorneys.

### V. SERVICES OTHER THAN COUNSEL

Counsel (whether or not appointed under this Plan), other than the Legal Aid Society, for a defendant who is financially unable to obtain investigative, expert, or other services necessary to an adequate defense in his case may request such services in an ex parte proceeding before a court. If, after appropriate inquiry, the court shall find that the services are necessary and that the defendant is financially unable to obtain them, it shall authorize defendant's counsel to obtain such services. Any such proceedings incident to the aforesaid inquiry shall remain privilieged and unavailable to the prosecution until the trial shall have been concluded. If the court should find that timely procurement of such services could not await prior authorization, it may, in the interests of justice, ratify such services after they have been obtained, if it shall find that the defendnat is financially unable to pay for them.

### VI. PAYMENT OF COUNSEL FEES AND FOR OTHER SERVICES

   1. A private attorney appointed pursuant to this Plan shall be compensated upon the submission of his claim in accordance with the rules, regulations and forms promulgated by the Comptroller of the City of New York, and supported by a written statement in substantially the form attached hereto as Exhibit B, specifying the time expended, services rendered, expenses reasonably incurred and reimbursement or compensation applied for or received in the same case from any other source, while the case was pending in the court. Claims for expenses incurred for services under Article V hereof shall be supported by a sworn statement in substantially the form attached hereto as Exhibit C. Expenses reasonably incurred are limited to out-of-pocket expenses and shall not include any allocations for general officer overhead, such as rent, local telephone services or secretarial help. For representation on appeal, compensation and reimbursement shall be fixed by the appellate court. For all other representation, compensation and reimbursement shall be fixed by the court where judgment of conviction or acquittal or order of dismissal was entered. Unless good cause is shown, claims for attorney's fee, expenses and services shall be submitted to the court within 45 days after the court has finally disposed of the case.

   2. Except as authorized or directed by the court, no appointed attorney furnishing representation under Article 18-B of the County Law shall seek or accept any payment or promise of payment from a defendant or on his behalf for his representation of said defendant or for reimbursement of any expenses incurred.

3. The clerk of the particular court shall forthwith forward all approved statements to the appropriate Administrator who shall then forward them to the comptroller of the City of New York for payment; provided that an application which is approved in an amount in excess of the limits provided in Section 722-b of the County Law because of extraordinary circumstances, and in order to provide for compensation for protected representation, shall be forwarded by the clerk to the Presiding Justice of the appropriate Appellate Division for his approval, dissapproval or modification prior to being forwarded to such Administrator.

### VII. FORMS

In the event that forms are prepared and furnished by the Comptroller of the City of New York, they shall be used, where applicable, in all proceedings under this Plan. Any revisions of said forms or any additional forms that may be prescribed by the Comptroller of the City of New York shall likewise be used, where applicable, in all proceedings under this Plan.

### VIII. RULES AND REPORTS

The Appellate Divisions of the First and Second Judicial Departments may promulgate such rules with respect to this Plan as they may deem necessary and the Administrative Board of the Judicial Conference may require such records to be kept by the Administrator or Administrators as will reflect the operation of the Plan.

Imaged with the Permission of N.Y.U. Review of Law and Social Change

# APPENDIX 2(c)

### AGREEMENT

This agreement made September 6, 1966 between the City of New York, hereinafter referred to as the City, acting by and through the Office of the Mayor, The Legal Aid Society, hereinafter referred to as the Society,

WITNESSETH:

WHEREAS the City has been vitally concerned with the necessity of assuring to all indigent defendants the assistance of counsel as a fundamental right essential to a fair trial; and

WHEREAS the City has been equally concerned with the necessity of assuring to all persons needing a lawyer's help and unable to pay for it the assistance of counsel, and to that end the City acting pursuant to County Law section 224(10) has in the past contributed to the costs of operation of the Legal Aid Society in civil and criminal matters; and

WHEREAS Article 18-B of the County Law (§§ 722-722-e added by Chapter 878 of the Laws of 1965 as amended by Chapter 761 of the Laws of 1966) requires the City to place in operation a plan for providing counsel to persons within the City of New York charged with a crime (as defined in County Law § 772-a) who are financially unable to obtain counsel within the meaning of County Law § 722; and

WHEREAS the Society is a membership corporation duly organized and authorized under the laws of the State of New York to serve as and perform the functions of a legal aid society in each of the five counties within the City of New York, wherein the Society is presently actively engaged in rendering such services and performing such functions; and

WHEREAS the Society has by communication dated October 28, 1965 submitted to the City a plan which sets forth the readiness and willingness of the Society to undertake the responsibility of providing counsel for persons who have been charged with a crime and lack financial resources to obtain such counsel; and

WHEREAS the City has by Executive Order No. 178, dated November 27, 1965, adopted a plan which designates the Society to furnish such counsel in all cases except whereby reason of conflict of interest or for other appropriate reasons the Society declines to represent a defendant; and

WHEREAS the City has contributed to the Society $300,000 as a contribution to its increased costs in performing services required by Article 18-B of the County Law during the period December 1, 1965, to and including June 30, 1966, and has appropriated funds for a contribution to the Society during the City's fiscal year commencing July 1, 1966, in accordance with an agreement to be entered into by the Society and the City;

NOW; therefore the parties hereto have agreed:

FIRST: The Society shall employ and provide for the services of attorneys and counselors at law, with appropriate clerical and investigative assistance in sufficient numbers to undertake, except as provided in paragraph "SECOND", the defense of all persons charged with a crime as defined in County Law § 722-a in the Courts of New York within the City of New York who are financially unable to obtain counsel. The Society will also provide expert services and all other services necessary for the defense of these cases. All such persons shall be employees of the Society, which shall alone be responsible for their work, and the direction thereof and their compensation. Nothing included in this agreement shall impose any liability or duty on the City to any person, firm or corporation engaged by the Society as expert, consultant, independent contractor, trainee, employee, servant or agent, nor shall the City be liable for the acts, omissions, liabilities or obligations of any such person, firm or corporation, or for taxes of any nature including but not limited to unemployment insurance, workmen's compensation, or social security.

SECOND: The Society shall not be required to furnish such representation in any case in which a determination has been made by a court that the Society is unable to furnish counsel because of a conflict of interest, or where in a case involving a crime punishable by death or life imprisonment, a court shall determine, in its discretion, that a defendant be represented by counsel furnished pursuant to the joint plan, as amended, of the Association of the Bar of the City of New York, Bronx County Bar Association, Brooklyn Bar Association, New York County Lawyers' Association, Queens County Bar Association and Richmond County Bar Association, said amended plan having been approved by the Judicial Conference by letter dated April 28, 1966.

THIRD: Staff attorneys of the Society's Criminal Courts Branch will be regularly assigned to all criminal parts of the Supreme Court in the first, second and eleventh judicial districts, and to all parts of the Criminal Court of the City of New York in which there is a substantial and regular need for their services, in sufficient numbers to meet promptly requests for their assistance in cases for which representation is required.

FOURTH: The Society will represent every defendant for whom its representation is required by this agreement at every stage of the proceeding from his initial appearance before a judge or justice through appeal and in post-appellate proceedings instituted in courts located in the City of New York, such as, but not limited to corum nobis and habeas corpus. It will, on request of an appellate court, also assure the availability of an appellate remedy for other eligible appellants in criminal cases originating within the City.

FIFTH: The Society will, during the terms of this contract and any future renewals thereof, at regular intervals, at least quarter-annually, and from time to time in addition thereto as may be requested by the Mayor of the City of New York, or by the Presiding Justice of either the Appellate Division, First Department, or the Appellate Division, Second Department, submit re-

ports to the Mayor and the respective Departmental Directors of Administration of the First and Second Judicial Departments concerning its operation hereunder. Such reports shall furnish such pertinent information concerning the Society's representation of indigent defendants, its fiscal operation and statistical records as may be required by the Mayor or the Departmental Directors of Administration.

SIXTH: The City, in consideration of the services to be rendered by the Society during the period from July 1, 1966 up to and including June 30, 1967, will pay the Society the sum of One million and no/100 ($1,000,000) Dollars, in four equal installments. Such payments are subject to audit and revision by the Comptroller in accordance with the provisions of Administrative Code § 93d-1.0. The first payment in the sum of Two hundred fifty thousand and no/100 ($250,000) Dollars shall be made on July 15, 1966; the second, third and fourth payments of an equal sum on October 15, 1966; January 15, 1967 and April 15, 1967. Future contributions by the City to the Society during the life of this agreement shall be determined upon the basis of written application by the Society made on or before December 1 of each year to the dsirector of the budget and such other officers as the City may request, including full information on the Society's expense budget for the following calendar year, the size of the Society's legal and clerical staff and its staff salaries, and such other information as the City may require.

SEVENTH: The Society agrees that it will, in accordance with any guidelines establshed by the City, as approved by the Presiding Justices of the Appellate Division, First Department and Second Department conduct an investigation so as to ascertain the financial ability of a defendant to retain private counsel or to make partial payments for representation or other services, which investigation shall include but not be limited to obtaining the completion of a financial questionaire, and shall thereafter make any report required by County Law § 722-d.

EIGHTH: It is understood and agreed by the parties hereto that no services to be rendered pursuant to, or in connection with this agreement, may be refused to any person because of his race, color or creed, country of origin, or political belief, and no persons shall be denied employment by the Society in violation of laws against discrimination in employment.

NINTH: The undersigned, as an officer of the Society expressly warrnats and represents that neither he nor any member, partner, director or officer of the Society, has, prior to the date of execution of this contract, been called before a Grand Jury to testify concerning any transaction or contract had with the State of New York, any political subdivision thereof, a public authority or with any public department, agency or official of the State of New York or of any political subdivision thereof, or of a public authority, or of any fire district, and refused to sign a waiver of immunity against subsequent criminal prosecution or to answer any relevant question concerning such transaction or contract.

TENTH: In accordance with the provisions of sections 103 (a) and 103(b) of the General Municipal Law, as added by Chapter 605 of the Laws of 1950, as amended:

Upon refusal of the person or persons executing this contract for the Society or any other person who is a member, partner, officer or director of the Society, when called before a grand jury to testify concerning any transaction or contract had with the State of New York, any political subdivision thereof, a public authority, or with any public department, agency or official of the State of New York or of any political subdivision thereof, or of a public authority, or of any fire district, to sign a waiver of immunity against subsequent criminal prosecution or to answer any relevant question concerning such transaction or contract:

(a) the said person or persons and any firm, partnership or corporation of which he is or they are a member, partner, director or officer shall be disqualified from thereafter selling to or submitting bids to or receiving awards from or entering into any contracts with any municipal corporation or fire district or any public department, agency or official thereof, for goods, work or services, for a period of five (5) years after such refusal and

(b) this contract and any and all other contracts made with any municipal corporation or any public department, agency or official thereof, or with any fire district or any agency or official thereof, by the said person or persons and by any firm, partnership or corporation of which he is or they are a member, partner, director or officer, may be cancelled or terminated by the municipal corporation or fire district without incurring any penalty or damages on account of such cancellation or termination, but any monies owing by the municipal corporation or fire district for goods delivered or work done prior to the cancellation or termination, shall be paid.

ELEVENTH: This agreement may be terminated by the City, acting by executive order of the Mayor, or by the Society, by service by certified mail of a notice of termination effective ninety (90) days after such service. A copy of such notice shall be sent to the Presiding Justice of the Appellate Divisions, First Department and Second Department. Any notice served by the Society shall be directed to the Mayor of the City of New York. The Society agrees that upon receipt of notice of termination pursuant to this paragraph or upon termination of this contract:

(a) It shall not incur any further obligations pursuant to this contract beyond the termination date. In no instance shall the City be liable for reimbursement for services to be rendered or expenses extending beyond the contract termination date, nor will the City be obligated to reimburse the Contractor for payment of salaries to employees of the Contractor for services rendered after the date of termination.

(b) It shall account for and refund to the City any unexpended and uncommitted funds which have been paid to it in accordance with this contract.

TWELFTH: The Society shall indemnify and hold harmless the City and

its officers, agents and employees from all claims, demands, causes of action, and judgments arising out of injuries or damage to person and property of whatsoever kind or nature as a result of the furnishing of the services provided for in this agreement.

 THIRTEENTH: This agreement may not be assigned.

 FOURTEENTH: This agreement shall become effective as of July 1, 1966, and shall continue in effect until terminated by either party as provided in paragraph ELEVENTH above, and provided the City has appropriated funds therefore.

 IN WITNESS WHEREOF the parties hereto have duly executed this agreement the day and year first above written.

THE CITY OF NEW YORK

By_____

THE LEGAL AID SOCIETY

By_____
President

Approved as to form:

J. Lee Rankin
 Corporation Counsel