

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>Acting Corporation Counsel | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **AMY ROBINSON**<br>*Senior Counsel*<br>Tel.: (212) 356-3516<br>Fax: (212) 356-3509<br>arobinso@law.nyc.gov |

June 21, 2024

**BY ECF**
Hon. Ona T. Wang
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

## MEMO ENDORSED.

      Re: <u>Jose Rodriguez v. City of New York, et al.</u>, 23-CV-5531d (LAK) (OTW)

Your Honor:

      I am Senior Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel for the City of New York, and the attorney for the City of New York in the above-referenced matter. In that capacity, I  to respectfully request a stay of discovery, in its entirety, until such time that defendant's motion to dismiss has been decided. *See* Docket Entry Nos. 45-47 (motion practice). Plaintiff's counsel, Joel Wertheimer, does not consent to this request.

      As Your Honor is likely aware, earlier today, defendant City filed their fully dispositive Rule 12(c) motion to dismiss Plaintiff's amended complaint on several grounds, one being that Plaintiff's sole claim, a *Monell* claim, is time-barred as the statute of limitations ran on the claim several years ago.  Accordingly, defendant City respectfully requests a stay of discovery as discovery may not, at any point, be necessary in this case depending on the outcome of defendant's motion.

      District courts have the discretion to stay discovery for good cause pursuant to Rule 26(c) pending the outcome of a dispositive motion. *Trustees of The New York City Dist. Council of Carpenters Pension Fund v. Showtime on the Piers LLC*, 19-CV-7755 (VEC), 2019 U.S. Dist. LEXIS 223677, at *3 (S.D.N.Y. Dec. 19, 2010) (internal citations omitted). In determining whether to stay discovery, district courts consider the following factors: (1) whether defendant[s] have made a strong showing that plaintiff[s'] claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay.  <u>Id</u>. (internal citations omitted).  A stay of discovery is appropriate where the motion appears

1

to have substantial grounds or does not appear to be without legal foundation. *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

First, the City's motion to dismiss is extremely strong. As noted above, the first basis for defendant's motion is that plaintiff's sole claim—*Monell* pursuant to 42 U.S.C. § 1983— is time-barred. Briefly, Plaintiff brings this action against the City on the basis that the City is somehow liable for Plaintiff's criminal appellate attorney's failure to perfect the appeal, in the 1980s, of his 1981 criminal conviction, and that plaintiff did not learn of such failure until April 2014. As the Court is aware, the statute of limitations for §1983 claims such as these are subject to a three-year statute of limitations, and the statute of limitations accrues when the plaintiff knows or has reason to know of the injuries forming the basis of the action. *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002). Here, plaintiff admits that, at the *very latest*, he learned of his appellate attorney's failure to perfect the appeal in April 2014. *See* Pl.'s Amend. Compl. at ¶ 28. Accordingly, the statute of limitations on this claim ran in April 2017 – more than six years before Plaintiff filed the instant §1983 action on May 2, 2023.

Additionally, regardless of the statute of limitations grounds for dismissal, plaintiff fails to adequately plead a *Monell* claim as there are insufficient allegations, or case law, to demonstrate that the City was not liable for any such failure in perfecting plaintiff's appeal. (*See* Defendant's Motion to Dismiss at pp. 12-16). Moreover, plaintiff fails to show causation, does not reference more than one incident, and the purported facts that plaintiff cites to in his complaint similarly do not support his claim. *See* Docket Entry No. 58 at 12. Accordingly, the likelihood of success of defendant's motion clearly favors a stay of discovery.

Second, a stay would benefit both sides by avoiding the burden and expense of discovery that may well prove unnecessary. *See Integrated Sys. & Power v. Honeywell Int'l*, 09 -CV-5874 (RPP), 2009 U.S. Dist. LEXIS 78476, at *4 (S.D.N.Y. Sept. 1, 2009) (granting stay of discovery to potentially "avoid the need for costly and time-consuming discovery") (quoting *In re Term Commodities Cotton Futures Litig.*, 12-CV-5126 (ALC)(KNF), 2013 U.S. Dist. LEXIS 65797, at *23 (S.D.N.Y. May 8, 2013) (M.J. Fox)); *Chesney v. Valley Stream Union Free Sch. Dist. No. 25*, 05-CV-5105 (DRH)(ETB), 2006 U.S. Dist. Lexis 22417, at *7-8 (E.D.N.Y. Mar. 28, 2006) (concluding that it would be "unreasonable and inappropriate to set a discovery schedule, as compliance with discovery would result in a substantial diversion of public resources, and that, by awaiting a decision on the motion, the areas of discovery might be substantially reduced, if not eliminated). As noted above, if the City's motion is granted, no discovery will be necessary on plaintiff's sole claim. Importantly, any discovery on this claim now will subject the City to great burden and expense. *Jewels v. Casner*, 12-CV-1895 (KAM)(VMS)2015 U.S. Dist. LEXIS 156627, at *11 (E.D.N.Y. Nov. 19, 2015) ("The court acknowledges that *Monell* claims can often involve onerous discovery demands.") (emphasis in original). To that end, the instant criminal case that is at issue in this litigation dates back to the early 1980s— nearly 40 years ago. It will require significant effort and resources, and it will be difficult and time-consuming to gather discovery, which ultimately may not even be necessary. As such, should the parties be required to engage in discovery while this motion is pending, we may find ourselves dedicating time, energy, and resources to explore claims, that the Court may ultimately dismiss, rendering any of these efforts moot. To this end, a stay of discovery would conserves the City's limited resources, and also

judicial resources, by allowing the parties to address the operative claim *only if necessary*. For these reasons, the City opposes proceeding with any discovery at this juncture.

      Third, there is no prejudice to plaintiff if a stay is granted and a delay alone does not constitute prejudice. *See Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). In any event, any delay is greatly outweighed by the substantial burden of discovery that would be avoided if defendant's motion is granted.

      Therefore, defendant City respectfully requests that the Court stay discovery, until defendant's motion to dismiss has been decided.

      Thank you for your consideration herein.

Respectfully submitted,

Amy Robinson

*Amy Robinson*

*Senior Counsel*
Special Federal Litigation Division

cc: **BY ECF** to All Plaintiff's Counsel

Application **DENIED.**

**SO ORDERED.**

_____
Ona T. Wang      6/26/24
U.S.M.J.

3