<u>23-CV-5531 (LAK) (OTW)</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE RODRIGUEZ,

                                          Plaintiff,

-against-

CITY OF NEW YORK,

                                          Defendant.

## OBJECTIONS TO REPORT AND RECOMMENDATION

***MURIEL GOODE-TRUFANT***
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  John Schemitsch*
*Tel:  (212) 356-3539*

## TABLE OF CONTENTS

**Page**

**PRELIMINARY STATEMENT** ...................................................................................................1

**STATEMENT OF FACTS**..........................................................................................................1

**STANDARD OF REVIEW** .........................................................................................................3

    **I.**    **PLAINTIFF'S <u>MONELL</u> CLAIM IS NOT SUFFICIENTLY PLED AS THE CITY HAD NO SUPERVISORY RESPONSIBILITY** ...............................3

        **A.**    **APPELLATE ATTORNEYS ASSIGNED UNDER THE 18-B PANEL WERE NOT EMPLOYEES OF THE CITY OF NEW YORK AND WERE NOT ACTING UNDER COLOR OF LAW** ...............................4

        **B.**    **THE CITY OF NEW YORK HAD NO SUPERVISORY AUTHORITY OVER THE 18-B PANEL ATTORNEYS.** ..............................7

        **C.**    **PLAINTIFF DID NOT ADEQUATELY PLEAD DELIBERATE INDIFFERENCE, CITING TO NO EXAMPLES OTHER THAN THE INSTANT CASE OF SUCH CONDUCT.**...................11

**CONCLUSION** ............................................................................................................................16

**TABLE OF AUTHORITIES**

**Cases**                                                                                                               **Pages**

Alwan v. City of New York, 311 F. Supp. 3d 570 (E.D.N.Y. 2022)............................................. 4

Bektic-Marrero v. Goldberg, 850 F. Supp. 2d 418 (S.D.N.Y. Mar. 6, 2012)............................... 6

Bellamy v. City of New York, 914 F.3d 727 (2019) .................................................................... 9

Brandon v. City of New York, 705 F. Supp. 2d 261 (S.D.N.Y. 2010)......................................... 5

Buari v. City of New York, 530 F. Supp. 3d 356 (S.D.N.Y. 2021).......................................... 4, 11

Cavalieri v. TJH Med. Serv. P.C., 2014 U.S. Dist. LEXIS 178335 (E.D.N.Y. Dec. 30, 2014) .... 6

Dove v. Fordham Univ., 56 F. Supp. 2d 330 (S.D.N.Y. 1999) .................................................... 11

Gideon v. Wainwright, 372 U.S. 335 (1963)............................................................................9-10

Harvey v. Queens Cty. DA, 2020 U.S. Dist. LEXIS 29403 (E.D.N.Y. Feb. 20, 2020) ................ 6

Mathis v. Hood, 1990 U.S. Dist. LEXIS 8474 (S.D.N.Y. July 10, 1990) ..............................11-12

Matter of New York County Lawyers Assn. v. Bloomberg, 979 N.E.2d 1162 (N.Y. 2012) ........ 8

Milan v. Wertheimer, 808 F.3d 961 (2d Cir. 2015)...................................................................... 6

Monell v. Dep't. of Social Servs., 436 U.S. 658 (1978)...........................................1, 3, 5-7, 9, 11

Paulin v. City of Beacon, 2019 U.S. Dist. LEXIS 154265 (S.D.N.Y. Sep. 10, 2019) ................ 10

Pecou v. Hirschfeld, 2008 U.S. Dist. LEXIS 28668 (E.D.N.Y. Apr. 3, 2008)............................. 6

People v. Rodriguez, 199 AD3d 469 (1st Dept. 2021) ..........................................................2, 7-8

Polk County v. Dodson, 454 U.S. 312 (1981) ................................................................6-7, 9, 10

Roe v. City of Waterbury, 542 F.3d 31 (2d Cir. 2008)..............................................................5-6

Sash v. Rasahn, 450 Fed. Appx. 42 (2d Cir. 2011)....................................................................... 6

Simmons v. Reynold, 898 F.2d 865 (2d Cir. 1990)................................................................11-12

Smickle v. Croce, 2023 U.S. Dist. LEXIS 106878 (S.D.N.Y. Jun. 20, 2023)...........................6-7

Soares v. State of N.Y., 121 N.Y.S.3d 790 (N.Y. Sup. Ct. 2020) ................................................ 9

Stevens v. Vill. Of Red Hood, 2024 U.S. Dist. LEXIS 65542 (S.D.N.Y. Apr. 10, 2024) ............ 5

**Cases**                                                                                                                **Pages**

Vermont v. Brillon, 556 U.S. 81 (2009) ....................................................................................... 9

Whidbee v. Benjamin, 2024 U.S. Dist. LEXIS 81868 (S.D.N.Y. May 6, 2024) ................... 11, 12


**Statutes & Other Authority**

Sixth Amendment ............................................................................................................... 3, 7

Fourteenth Amendment ...................................................................................................... 3, 7

42 U.S.C. § 1983 .................................................................................................................. 5-6

22 NYCRR 612.0 ..................................................................................................................... 8

Fed. R. Civ P. 12(c) ................................................................................................................. 1

Fed. R. Civ. P. 72(b) ................................................................................................................ 3

NY CLS Rules Sup Ct § 612.8 ................................................................................................ 8

**PRELIMINARY STATEMENT**

On March 4, 2025, the Honorable Ona T. Wang issued a Report and Recommendation ("R&R"), recommending that defendant City of New York's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) be denied. Defendant City objects to the R&R's recommendation that plaintiff meets the pleading standard under Monell for his claims asserting a failure of defendant to supervise 18-b Panel attorneys performing appellate work resulting in deprivation of his Sixth and Fourteenth Amendment rights to effective appellate counsel and due process. Plaintiff's Monell claim is not sufficiently pled as 18-b Panel appellate attorneys were not employees of the City and the City had no supervisory responsibility

**STATEMENT OF FACTS[1]**

On April 2, 1982, following trial, a jury found plaintiff guilty of two counts of attempted murder and one count criminal possession of a weapon in the second degree. (Amended Complaint, (Ex. B, ¶ 12 to Declaration of Amy Robinson, ECF No. 46, (hereinafter "Robinson Decl.")). On April 21, 1982, plaintiff was sentenced to twenty years to life in prison. (Ex. B, ¶ 14).

Following his conviction, plaintiff timely filed a Notice of Appeal, and William E. Hellerstein, Esq., was assigned to represent plaintiff in his appeal. (Ex. B, ¶ 18). However, Mr. Hellerstein moved to be relieved, which the court granted in February 1983. Id. Plaintiff's new appellate counsel, Thomas P. Burke, Esq, was assigned, pursuant to the 18-b panel to provide indigent criminal defendants appellate attorneys, and was given an extra 120 days to perfect plaintiff's appeal. Id. Burke, however, never took any steps to proceed with the appeal, and in

---

[1] For a complete statement of facts, the Court is respectfully referred to the Memorandum of Law in Support of Defendant's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c), pp. 1-8. ECF No. 47.

2004 he was suspended for delinquency in perfecting appeals; in 2008 he was suspended from the practice of law for neglecting his duties and ultimately disbarred in 2009. (Ex. B, ¶¶ 21-25).

In 2014, plaintiff first realized, with the help of a fellow inmate, that his appeal was not perfected. (Ex. B, ¶ 28). Plaintiff sought relief through a pro se *coram nobis* petition on or about April 16, 2014, which was denied as records indicated his appeal was perfected. (Ex. B, ¶ 28, 32). In or around 2016-2017, an investigation by the New York State Attorney General's office revealed that plaintiff's appeal was never perfected. (Ex. B, ¶ 34). As a result of the investigation, on February 16, 2017, the court recalled and vacated its prior order denying the petition. (Ex. B, ¶ 34).

On November 9, 2021, the Supreme Court, Appellate Division, issued an order in the appeal finding that plaintiff had been denied his Sixth Amendment right to counsel. See People v. Rodriguez, 199 AD3d 469 (1st Dept. 2021). (Decision, Ex. C to Robinson Decl.). In its two-page order and opinion, the court held that plaintiff was "deprived of his right to a meaningful appeal in light of the undisputedly extraordinary delay of nearly 40 years in perfecting his appeal." *Id.* at 470. Contrary to plaintiff's allegations in the amended complaint, the Court in no way granted plaintiff's appeal based on "the City of New York's unconscionable failure." (See cf. Ex. B, ¶ 7). Rather, the court determined that "the inadequate, nonexistent, representation by [plaintiff's] prior assigned counsel has deprived [plaintiff] of his constitutional rights." Id. at 471. As a remedy, the Court ruled that, "in these extraordinary circumstances, plaintiff's charges, although serious, should be dismissed." Id.

On May 2, 2023, plaintiff initiated the instant action seeking civil damages against the City of New York, and the New York County District Attorney's Office, amongst other defendants. (Complaint, Ex. A to Robison Decl.) Defendants thereafter removed the action to federal court.

2

(Dkt. No. 1). On December 8, 2023, plaintiff filed an amended complaint wherein plaintiff removed all defendants with the exception of the City. (Ex. B).

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 72(b)(2) a party may file written objections to a magistrate judge's proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). In the context of dispositive motions, a district court should review those portions of a recommendation to which a party objects de novo. Cavalieri v. TJH Med. Serv. P.C., 14-CV-1818, 2014 U.S. Dist. LEXIS 178335, at *3 (E.D.N.Y. Dec. 30, 2014); see also Fed. R. Civ. P. 72(b)(3). Further, Rule 72 states that "the district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## ARGUMENT

The R&R recommends that defendant's motion for judgment on the pleadings be denied as (1) plaintiff's claims are not time barred as they accrued only following a favorable termination of his criminal conviction, and (2) plaintiff meets the pleading standard under Monell for his claims asserting a failure of defendant City to supervise 18-b Panel attorneys performing appellate work resulting in deprivation of his Sixth and Fourteenth Amendment rights to effective appellate counsel and due process. See ECF No. 62. The Court should reject the second recommendation. Plaintiff's Monell claim is not sufficiently pled as 18-b Panel appellate attorneys were not employees of the City and the City had no supervisory responsibility.

**I. Plaintiff's Monell claim is not sufficiently pled as the City had no supervisory responsibility.**

The R&R recommends defendant's motion for judgment on the pleadings be denied as plaintiff has sufficiently pled a Monell claim under a failure to supervise theory. See ECF No. 62 at pp. 14-16. In particular, the R&R recommends denial of defendant's motion on the basis that

3

(1) plaintiff sufficiently pled that that defendant City delegated responsibility to represent indigent criminal defendants on appeal and had a duty to supervise 18-b Panel attorneys performing appellate work and (2) that plaintiff sufficiently pled that the City was deliberately indifferent to the alleged violations of the Sixth and Fourteenth Amendments for failing to supervise. The Court should reject this recommendation. First, appellate attorneys, like other criminal defense attorneys assigned under the 18-b panel, were not employees of the City of New York and were not acting under color of state law. Second, the City of New York had no supervisory authority over the 18-B attorneys. Finally, plaintiff did not adequately plead deliberate indifference, citing to no examples other than the instant case of such conduct.

## A. Appellate attorneys assigned under the 18-b Panel were not employees of the City of New York and were not acting under color of law.

Here plaintiff alleges an underlying constitutional violation was a denial of right to counsel and due process under the Sixth and Fourteenth Amendments by his 18-b Panel appellate attorney. His attorney, was a private attorney and not an employee of the City of New York, performing traditional functions as counsel to an indigent defendant in a criminal proceeding. The R&R does not address whether the appellate 18-b attorneys were employees of the City of New York, a prerequisite for a failure to supervise Monell claim.

As the R&R correctly notes, to state a claim for municipal liability under a failure to supervise theory, a plaintiff must plead that the local government failed to adequately supervise or discipline its **employees**, "thereby implicitly encouraging or ratifying their unlawful conduct," and that the failure of supervision or discipline was "tantamount to deliberate indifference." Buari v. City of New York, 530 F. Supp. 3d 356, 400 (S.D.N.Y. 2021) (quoting Alwan v. City of New York, 311 F. Supp. 3d 570, 578 (E.D.N.Y. 2022) (collecting cases). Failure to supervise municipal

4

liability claims axiomatically require that the underlying constitutional violation alleged must be by employees of the municipality. See e.g., Stevens v. Vill. Of Red Hood, 2024 U.S. Dist. LEXIS 65542 at *7-8 (S.D.N.Y. Apr. 10, 2024) (recognizing the requirement that failure to supervise claim must pertain to employees of the municipality and dismissing on other grounds); Brandon v. City of New York, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (recognizing the requirement that failure to supervise claim must pertain to employees of the municipality and dismissing on other grounds).

Indeed, as defendant raised in its motion for judgment on the pleadings, applicable statutes and established case law shows that the 18-b panel attorneys were private attorneys; they were not employees or agents of the City. The 1966 Bar Plan issued by several New York City Bar associations to comply with Article 18-b proposed that a private legal aid society would be primarily designated to furnish representation, and in the case where there was a conflict in representation, the **court** would appoint counsel from a panel of attorneys. See ECF No. 46, Exhibit D. The 1966 Bar plan was adopted and approved as the City's plan. Id. As such, appellate attorneys appointed from the 18-b panel were court appointed and independent, not employees of the City of New York, and thus defendant City cannot be held liable for the actions of private counsel in causing the alleged constitutional deprivation here.

Moreover, the underlying constitutional violation in a municipal liability claim must stem from actions taken under color of state law. Here, the underlying constitutional claims arise from the actions and inactions of plaintiff's appellate counsel, who was not an employee of the City of New York, and not acting under color of law.

In order to prevail on a municipal liability claim under 42 U.S.C. § 1983, a plaintiff must prove that the actions were taken under color of law. See Roe v. City of Waterbury, 542 F.3d 31,

5

36 (2d Cir. 2008) (citing Monell v. Dep't. of Social Servs., 436 U.S. 658, 690-91 (1978)). Generally, state employment is sufficient to render the conduct as one under color of law. See Bektic-Marrero v. Goldberg, 850 F. Supp. 2d 418 (S.D.N.Y. Mar. 6, 2012). However, appointed counsel for indigent defendants do "not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). "It is well established that court-appointed attorneys, including 18-b attorneys […] do not act under color of state law when they perform traditional functions of counsel." Harvey v. Queens Cty. DA, 2020 U.S. Dist. LEXIS 29403 at *7 (E.D.N.Y. Feb. 20, 2020) (citing Polk, 454 U.S. at 312) (dismissing claims against plaintiff's criminal defense attorney as he was not acting under color of state law); see also Milan v. Wertheimer, 808 F.3d 961, 964 (2d Cir. 2015) (recognizing that public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel in a criminal proceeding, "notwithstanding the fact that the state pays for the service they provide" and extending this analysis to "law guardians" appointed by Family Court) (citing Polk, 454 U.S. at 325); Sash v. Rasahn, 450 Fed. Appx. 42, 43 (2d Cir. 2011) ("[A] court appointed criminal defense attorney does not act under color of state law when representing a client") (citations omitted); Pecou v. Hirschfeld, 2008 U.S. Dist. LEXIS 28668, at * 2 (E.D.N.Y. Apr. 3, 2008) (citing Polk, 454 U.S. at 325) ("Court-appointed attorneys do not act under color of state law merely by virtue of their appointment.").

"Absent special circumstances suggesting a concerted action between an attorney and a state representative […], the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender." Smickle v. Croce, 2023 U.S. Dist. LEXIS

106878 at *2 (S.D.N.Y. Jun. 20, 2023) (citations omitted) (dismissing claims against plaintiff's 18-b assigned counsel, who represented plaintiff during state court criminal proceedings).

Consistent with the holding in Polk and its progeny, plaintiff's alleged constitutional violation stems from right to speedy trial and due process grounds, which result from the alleged failure of his appellate attorney. As the Appellate Division noted in plaintiff's appeal, plaintiff's injury was caused by the dilatory tactics or omissions of his appellate attorney. See People v. Rodriguez, 199 A.D.3d 469, 470 (1st Dept. 2021) (Appellate Division opinion noting that Plaintiff's injury was caused by plaintiff's appellate attorney, and not noting any failure by the City of New York). Perfecting an appeal is the traditional functions of counsel to a defendant in a criminal proceeding, and as the such, the underlying constitutional violation does not stem from actions taken under color of law.

As such, the R&R is incorrect in finding plaintiff sufficiently pleads a failure to supervise Monell claim as the appellate counsel assigned under the 18-b panel system, as here, was not an employee of defendant City and moreover, the underlying constitutional violation was caused by plaintiff's appellate attorney, who was not acting under color of law.

**B. The City of New York had no supervisory authority over the 18-b Panel attorneys.**

The R&R finds that plaintiff adequately plead that the City failed to supervise 18-b Panel attorneys performing appellate work causing deprivation of plaintiff's 6th and 14th Amendment rights.[2] The R&R however incorrectly defers on the question of whether the City was the

---

[2] The R&R conflates the City with other state actors, misconstruing the City's role in 18-b Panels, in direct contradiction to the 1966 Bar Plan. For example, the R&R misstates the Findings of the Appellate Division, First Department, claiming that they "dismissed the charges against [plaintiff], upon a finding that **the City of New York** (the "City" or "Defendant") violated his Sixth and Fourteenth Amendment Rights to a speedy trial based on the abject failure of his appointed appellate counsel to take any 'steps to perfect an appeal, to be asked to be relieved, or to communicate with' Plaintiff." ECF No. 62 at p. 1 (emphasis added) (citing People v. Rodriguez,

7

supervisory body for the appellate attorneys in question, stating it is an issue for discovery. See ECF No. 62 at n. 11. The R&R opines that the question of whether the Appellate Division was the supervisory body for 18-b appellate attorneys is a question for discovery. However, as a matter of law, the City of New York had no supervisory authority over the 18-b appellate attorneys. As per the 1966 Bar Plan, 18-b Panel attorneys were subject to the supervision of the Appellate Division. See 1966 Bar Plan, ECF No. 46, Exhibit D at VIII.

As addressed in defendant's motion for judgment on the pleadings, the responsibility for screening and selecting attorneys was borne by both local bar associations and Judicial Departments, with court-appointed Administrators overseeing assignment and rotation of panel attorneys. See 1966 Bar Plan, ECF No. 46, Exhibit D; see also Matter of New York County Lawyers Assn. v. Bloomberg, 979 N.E.2d 1162, 1165 (N.Y. 2012) (citing to 22 NYCRR 612.0 et seq., 678.1 et seq.). Indeed, the Appellate Division's extent of supervision did not end there; in 1980 the Appellate Divisions also promulgated rules requiring the bar associations to "provide a continuing program of training and education [for panel attorneys], which will allow panel attorneys to improve their professional competence in criminal law." NY CLS Rules Sup Ct § 612.8. This follows from the 1966 Bar Plan, which explicitly noted that the Appellate Division may promulgate rules as necessary regarding 18-b Panel attorneys. See 1966 Bar Plan, ECF No. 46, Exhibit D, at VIII.

---

199 A.D.3d 469, 470 (1st Dept. 2021). Contrary to this statement, the Appellate Division did **not** find that **the City of New York** violated plaintiff's 6th and 14th Amendment Rights to speedy trial, but merely found that **they were violated**. Id. ("We find that defendant was deprived of his right to a speedy appeal, and that on this record no effective remedy is available except dismissal of this 40 year old indictment."). Indeed, Appellate Division specifically uses the passive voice and makes no finding or notation otherwise as to actions taken by the City of New York, reversing plaintiff's conviction on the basis that by the time plaintiff's current appellate counsel was assigned the Supreme Court record had been destroyed and portions of the transcript were lost. Id. at 470-71.

Here, per the 1966 Bar Plan, 18-b Panel attorneys were subject to the supervision of the Appellate Division, contrary to plaintiff's conclusory statements otherwise. See e.g., Soares v. State of N.Y., 121 N.Y.S.3d 790, 799 (N.Y. Sup. Ct. 2020) (noting the authority to oversee and discipline attorneys falls within the bailiwick of the judiciary and striking as unconstitutional a state law that gave authority to a state committee to impose discipline on attorneys for violations of the Rules of Professional Conduct). The 1966 Bar Plan specifically excluded the City from the role of screening, overseeing, or supervising attorneys performing legal functions pursuant to the Plan. Indeed, the supervisory responsibility, rested solely with the Judicial Departments, consistent with Polk and Gideon v. Wainwright, 372 U.S. 335 (1963), in order to provide a guarantee of independent counsel. See Polk 454 U.S. at 321-22 ("[Gideon] established the right of state criminal defendants to the guiding hand of counsel at every step in the proceedings against them. Implicit in the concept of a guiding hand is the assumption that counsel will be free of state control. There can be no fair trial unless the accused receives the services of an effective and independent advocate."). The majority in Polk specifically notes that there is a chasm between public defenders and the state, noting that "a public defender is not acting on behalf of the State; he is the state's adversary." Id. at n. 13.[3] Indeed, the Supreme Court has further held that in speedy trial grounds, assigned counsel ordinarily is not considered a state actor. See Vermont v. Brillon, 556 U.S. 81, 82 (2009) (citing Polk).

---

[3] For example, the Second Circuit has consistently held that actions of county prosecutors in New York are generally controlled by municipal policymakers for purposes of Monell. See Bellamy v. City of New York, 914 F.3d 727, 759 (2019). It is inapposite in an adversarial system that the City would also be liable for supervision of attorneys for defendants in a criminal case as well as prosecutors, removing the independence of criminal counsel.

9

The R&R's commentary that Polk does not prohibit a city from devising a system for supervising private, court-appointed lawyers[4] counseling indigent defendants, is directly inconsistent with the 1966 Bar Plan, showing that the City did not establish such a system – noting that the Judicial Departments had such authority. See ECF No. 62 at n. 15; Paulin v. City of Beacon, No. 17-CV-5105 (KMK), 2019 U.S. Dist. LEXIS 154265, at *25 (S.D.N.Y. Sep. 10, 2019) (finding that plaintiff's § 1983 claim based on his attorney's neglect in perfecting plaintiff's appeal, was "unmistakably base[d]" on his lawyer's "performance of 'a lawyer's traditional functions as counsel'") (quoting Polk).

Indeed, as the Supreme Court has held in Polk, in the analogous public defender system, it is not appropriate for local government to provide supervision over counsel appointed for indigent defenders. Contrary to the R&R's finding that Polk's holding does not mean that municipalities cannot supervise appointed attorneys, the Supreme Court in Polk specifically held that "a public defender **is not amenable to administrative direction** in the same sense as other employees of the State."454 U.S. 312, 321-22 (1981) (emphasis added). Polk stresses that this independence of counsel comes foundationally from Gideon v. Wainwright, 372 U.S. 335 (1963), and the implicit "assumption that counsel will be **free** of state control[,]" noting that "it is the constitutional obligation of the State to respect the professional independence of the public defenders whom it engages." Polk, 454 U.S. at 321-22. The R&R does not address the underlying holding of Polk, that appointed counsel must be independent of state action; it is implicit that appointed counsel must be free of state or municipality supervision for a lawyer's traditional functions. Id.

---

[4] Indeed, as noted in Section II. A. supra, the R&R here implicitly recognizes that plaintiff's counsel was a private attorney and not an employee of the City, and thus plaintiff's Monell claim must also fail.

10

Further, the cases plaintiff cites in his complaint, Simmons and Mathis, and which the R&R cite, support that the supervision of appellate attorneys was in the purview of the Judicial Departments – not the City. In Simmons the Court found that the delay in plaintiff's appellate attorney to perfect plaintiff's appeal "was caused, at least in part, by the **state court's failure to supervise** its appointed attorneys and to monitor its own calendar." Simmons v. Reynold, 898 F.2d 865, 868 (2d Cir. 1990) (emphasis added). In Mathis, the Court points out the failure of the **Appellate Division** "to supervise the assigned counsel Plan" and "to hold lawyers accountable for" delays, not the municipalities. Mathis v. Hood, No. 87 Civ. 6234, 1990 U.S. Dist. LEXIS 8474, at *9 n. 4 (S.D.N.Y. July 10, 1990).

According, the R&R's recommendation that plaintiff adequately pled his Monell claim and that the question of whether the City was a supervisor of 18-b Panel is should be addressed in discovery should be denied, and plaintiff's Monell claim dismissed.

**C. Plaintiff did not adequately plead deliberate indifference, citing to no examples other than the instant case of such conduct.**

The R&R further recommends that plaintiff sufficiently pleads deliberate indifference in his Monell claim and that he adequately pleads that the City was on notice. See Buari v. City of New York, 530 F. Supp. 3d 356, 400 (holding that a failure to supervise municipal liability claim must plead that the failure of supervision was "tantamount to deliberate indifference"); Whidbee v. Benjamin, 2024 U.S. Dist. LEXIS 81868, *11 (S.D.N.Y. May 6, 2024) (isolated unconstitutional incidents pled "cannot establish deliberate indifference" in a municipal liability claim) (citing Dove v. Fordham Univ., 56 F. Supp. 2d 330, 336 (S.D.N.Y. 1999).

Here, the pled claims plaintiff proffers as notice of deliberate indifference fail, despite the R&R's recommendation otherwise, which the R&R does not address. The amended complaint

11

alleges a single incident of ineffective assistance of appellate counsel and cites to several inapplicable studies, articles and court opinions. See generally, Am. Compl., ECF No. 21 ¶¶ 40-78. To that end, the studies, articles and opinions cited by Plaintiff do not reveal a pattern of ineffective appellate counsel; instead, those documents are almost all focused on the ineffectiveness of panel attorneys at the trial level. 1 See ECF No. 47 at pp. 17-19. Indeed, plaintiff claims that the City Bar made complaints of inadequacy of supervision, however, as plaintiff pleads in the complaint, the City Bar believed that the main problem was **their** inability to control the quality of representation by court-assigned, private 18-b Panel attorneys. See Amended Complaint, ECF No. 21 at ¶48. Further, plaintiff's allegations that City was on notice due to court holdings cites to Mathis and Simmons, however, as discussed supra, the Court found in both that it was the failure of the **Judicial Department**, not the City to supervise. See Simmons v. Reynold, 898 F.2d 865, 868 (2d Cir. 1990); Mathis v. Hood, No. 87 Civ. 6234, 1990 U.S. Dist. LEXIS 8474, at *9 n. 4 (S.D.N.Y. July 10, 1990).

What remains is plaintiff's allegation of the instant conduct as sufficient notice, which, standing alone, fails to establish deliberate indifference. See Whidbee v. Benjamin, 2024 U.S. Dist. LEXIS 81868, *11 (S.D.N.Y. May 6, 2024).

12

**CONCLUSION**

Based on the foregoing and defendants' original moving papers, dated June 21, 2024, defendants respectfully request that the Court grant defendants' motion for judgment on the pleadings pursuant to Fed R. Civ. P. 12(c) in its entirety, and further seeks such costs, fees and other and further relief as the Court deems just and proper.

Dated:     New York, New York
           April 1, 2025

                              MURIEL GOODE-TRUFANT
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendant
                              100 Church Street
                              New York, New York 10007
                              (212) 356-3539

                        By:   /s/ *John Schemitsch*
                              John Schemitsch
                              Senior Counsel

To:   By ECF
      All Counsel of Record

13